## THE STATE v. JAMES WILSON.

*Jurisdiction — City and Town Ordinances — Amendment — Nuisance.*

1. The Mayors of towns and cities have jurisdiction of the offence of violating town or city ordinances.
2. The mere obstruction of a water-way, so that the water cannot flow through a street, does not, *per se*, constitute a nuisance.
3. An ordinance of a town which prohibits the obstruction of a water-way, and thereby prevents a nuisance, is not invalid, because the offence of creating a nuisance is cognizable under the general law of the State.
4. Where it appears from the allegations in the affidavit and warrant, and upon the proofs, that the Mayor or Justice of the Peace really had jurisdiction, an averment that takes the case out of such jurisdiction may be cured by amendment or treated as surplusage.

This ACTION was begun before the Mayor of Statesville, and, on appeal, was tried at Spring Term, 1890, of the Superior Court of IREDELL County, *Shipp, J.,* presiding.

The defendant was held to answer, criminally, before the Mayor of "the city of Statesville" for a violation of an *ordinance* of that town, whereof the following is a copy:

"Ordered by the Board of Aldermen of the city of Statesville, that no person shall place any obstruction in any water-way, so that the water shall accumulate in any street, or in any manner obstruct the flow of water through or from any street of the city of Statesville, whether such obstructions be placed upon his own property or that of any other; and any one so offending shall be fined $50.

The affidavit upon which the State warrant was founded charges that the defendant, at and in said city, &c., at the time specified, did "dam up and obstruct the water-way and flow of water from the south side of Walnut street, between Rose street and Oak, in violation of the ordinance of the

said city, passed July 2d, 1888," &c.   The warrant refers to and recites the charge so specified in the affidavit.   The defendant was convicted before the Mayor, and appealed to the Superior Court.   In the latter Court he pleaded not guilty.

When the case was called for trial, " the defendant moved to quash the warrant upon the ground that the Mayor had no jurisdiction, and as he had no jurisdiction, this Court had no jurisdiction.   The State asked to amend the warrant, and the Court allowed the amendment, by striking out the words in the warrant, 'thereby damaging said street by ponding the water thereon, which became foul and malarious, to the great damage and nuisance of the city of Statesville,' and insert in lieu thereof the words, 'thereby obstructing the flow of water from said streets,' to which amendment the defendant excepted.   The Court, being of opinion that the Mayor had no jurisdiction, rendered judgment quashing the warrant," and the Solicitor for the State, having excepted, appealed to this Court.

*The Attorney General* and *Mr. C. H. Armfield*, for the State.

*Messrs. H. Bingham, S. C. Caldwell* and *W. D. Turner*, for defendant.

MERRIMON, C. J.: The statute (Pr. Acts 1885, ch. 40, sec. 56) makes it a misdemeanor to violate an ordinance of "The City of Statesville," and the general statute (*The Code*, § 3820) makes it a misdemeanor to violate the ordinance of any town or city, and the offender may be fined not exceeding fifty dollars, or imprisoned not exceeding thirty days.   Of course, such ordinances must be valid—such as the town or city has authority to make.   *State* v. *Langston*, 88 N. C., 692;. *State* v. *Brittain*, 89 N. C., 574.

The statute (*The Code*, §3818) gives the Mayor, or other chief officer of such towns or cities, jurisdiction of such offences. *State* v. *Cainan*, 94 N. C , 880; *State* v. *Crenshaw*, Id., 877; *State* v. *Debnam*, 98 N. C., 712; *State* v. *Smith*, 103 N. C., 403.   So that the Mayor had jurisdiction in this case, if, indeed, the offence, as charged, was committed, and for the present purpose, it must be taken that it was.   But it is earnestly contended by the defendant's counsel that the ordinance in question—that above recited—creates no offence; that it is void, because it is its purpose to create an offence defined, recognized and punishable by the general laws of the State, of which the Superior, Criminal and Inferior Courts have jurisdiction, and he relied mainly on *Town of Washington* v. *Hammond*, 76 N. C., 33; *State* v. *Edens*, 85 N. C., 522; *State* v. *Langston, supra,* and *State* v. *Brittain, supra.*   The contention is that the acts forbidden by the ordinance, of themselves, constitute a public nuisance.

We think otherwise.   The mere obstruction of a waterway, so that water shall accumulate on the street, or so as to prevent the flow of water through, or from, the streets, does not *per se* and necessarily constitute a public nuisance. The obstruction might be slight, occasional, temporary— such as would not interfere with the use of the street or occasion perceptible harm.   Such obstruction would not constitute such a nuisance unless it should interfere with the use of the street—hinder, delay, impede, or render less safe and convenient travel on foot, or otherwise, over it, or cause the water to accumulate, remain, become stagnant, and give rise to noxious vapors and the like, along and near the street.

The very purpose of the ordinance is to prevent such nuisances—to go beyond, extend and enlarge the advantage, convenience and protection ordinarily afforded by the general laws of the State.   *State* v. *Edens, supra; State* v. *Cainan, supra.*   The ordinance was, therefore, valid, and a viola-

tion of it constituted the offence charged, not very formally, but sufficiently, in the warrant.

The affidavit and warrant constituted one proceeding, and embodied the criminal charge—the violation of the ordinance—not a *nuisance*, in the ordinary legal sense. *State* v. *Sykes*, 104 N. C., 695. The facts stated in them, and the express reference therein to the ordinance, plainly charged, and it was intended thereby to charge, a violation of the ordinance, and the words, "thereby damaging said street," etc., which the Court allowed to be stricken from the warrant, could not change or affect the nature of the offence charged—they were mere surplusage, serving no necessary purpose.

The mere addition in an indictment of unnecessary words applicable to another and higher offence than that charged, does not vitiate the indictment or change the nature of the offence. Hence, in *State* v. *Keen*, 95 N. C., 646, where the indictment charged a misdemeanor, it was held that, charging the act to have been done "feloniously" was no substantial ground of objection—this unnecessary word was treated as surplusage. *State* v. *Thorne*, 81 N. C., 555; *State* v. *Edwards*, 90 N. C., 710; *State* v. *Watts*, 82 N. C, 656; *State* v. *Slagle, id.*, 653.

The amendment of the warrant complained of was really not necessary, but clearly the Court had authority to make it—it did not change the nature of the offence, and the Mayor had jurisdiction thereof. *State* v. *Smith*, 103 N. C., 410, and cases there cited.

There is error. The judgment quashing the warrant must be set aside, and the case disposed of according to law.

Error.