## 18549. McCOOK *v.* PARKER.

STEPHENS, J. 1. The failure of a seller of land to comply with an agreement made by him with the purchaser, as part of the contract of sale, to oust certain persons occupying the land with the knowledge of the purchaser, does not amount to a failure of the consideration of a promissory note given to the seller by the purchaser for the purchase of the land.

2. In a suit on a promissory note given for the purchase-price of land, where the defendant pleaded as a failure of consideration that the seller failed to comply with an agreement with the purchaser to oust from the land certain persons who, at the time of the execution of the note were occupying the land with the knowledge of the purchaser, and also pleaded that the note sued on had not become a complete and binding contract and was not the property of the plaintiff, by virtue of an alleged agreement between the plaintiff and the defendant by which the

note had been deposited in escrow with a third person to be delivered to the plaintiff upon the plaintiff's ousting ·from the land the persons who were in possession thereof, and that the plaintiff had failed to comply with this condition, and where there was evidence for the plaintiff to the effect that the note was not deposited in escrow as contended by the defendant but had been delivered to the plaintiff unconditionally, the evidence did not as a matter of law establish either one of the defenses interposed by the defendant, and the verdict for the plaintiff was authorized. ·

3. The verdict for the plaintiff being authorized, and the only grounds of the defendant's motion for a new trial presented here being that the evidence did not authorize the verdict, the trial court did not err in overruling the motion.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JULY 27, 1928.

*G. H. Williams,* for plaintiff in error. *Burch & Daley,* contra.