22466. RUDDER *v.* BELLE ISLE.

DECIDED FEBRUARY 3, 1933.

*Frank A. Hooper, W. T. Lane & Son,* for plaintiff.

*Hewlett & Dennis, T. F. Bowden, H. J. Haas,* for defendant.

MacINTYRE, J.  Gertrude Rudder sued A. L. Belle Isle in the municipal court of Atlanta for principal, interest and attorney's fees on a promissory note, the material part of which, so far as this decision is concerned is as follows:

"Miami, Florida, August 28, 1925.

"Ninety days after date, for value received, promise to pay to the order of Gertrude Rudder two thousand dollars, payable at . . in Miami . . , with interest thereon at the rate of 6 per cent. per annum from date until fully paid. Interest payable semi-annually. The maker and indorser of this note further agree to waive demand, notice of nonpayment and protest, and in case suit shall be brought for collection thereof, . . to pay reasonable attorney's fees. . . A. L. Belle Isle (Seal), Miami Shores (Seal)."

In so far as this decision is concerned, we deem it only necessary to set out the following amendment to the original plea and answer:

"1.  Defendant admits the execution of a written instrument, copy of which as amended June 20, 1931, is attached to plaintiff's petition.

"2.  That at the time of the execution and before delivery of said written instrument it was agreed between plaintiff and defendant that the instrument was not to become binding as an obligation upon defendant in any sum whatsoever until and unless the plaintiff sold a certain parcel of real estate known as Lot 13, Block No. 6, Mid Golf Subdivision, Miami Beach, Florida, for this defendant, and that said writing was therefore delivered by defendant to plaintiff and accepted by plaintiff upon such express condition.

"3.  That the plaintiff has not complied with such condition, in that plaintiff has not sold the parcel of land (described in the preceding paragraph), and for this reason this defendant is not liable to pay the amount sued upon or any part thereof."

Plaintiff demurred generally to defendant's plea and answer as amended, and the trial judge of the municipal court of Atlanta rendered the following judgment: "It is hereby considered, ordered, and adjudged that the said demurrer be and the same is hereby sustained and answer stricken, except paragraph 4 which relates to attorney's fees, and the demurrer is overruled as to paragraph 4."

Proper and timely exceptions were taken to the foregoing judgment. When the case came on for trial, the court directed a verdict for principal and interest; and, after evidence had been introduced upon the question of "reasonable attorney's fees," the jury rendered a verdict for $2,000 principal, $732.60 interest, and $200 attorney's fees; and judgment was entered accordingly. The appellate division of said court affirmed the judgment of the trial judge, and the case was taken by certiorari to the superior court. The judge of that court sustained the certiorari, "set aside the judgment complained of," and granted a new trial. The only question for determination here is whether or not the above-quoted amendment to the original plea and answer sets out a valid defense to the action.

It is quite true that "parol contemporaneous evidence is inadmissible generally to contradict or vary the terms of a valid written instrument." Civil Code (1910), § 5788. However, the following rule laid down in *Heitmann* v. *Commercial Bank of Savannah,* 6 *Ga. App.* 584 (3) (65 S. E. 590), is a well-recognized rule that has been often followed by the appellate courts of this State: "A written document may, by parol or other extrinsic evidence, be shown not to be a contract at all, because of the non-performance of a condition precedent as to which the writing is silent. Accordingly, it may be shown by parol or other extrinsic evidence that the writing is not a valid or enforceable legal obligation because it does not possess finality of utterance as a completed, all-comprehensive, and presently operative embodiment of the contracting parties." We quote at some length from pages 592 and 593 of the *Heitmann* case as follows: "In Burke *v.* Dulaney, 153 U. S. 228 (14 Sup. Ct. 816, 38 L. ed. 698), the maker of a promissory note, given for the purchase price of an interest in a mine, was allowed to show by parol that he delivered the note to the payee on condition that it was not to be binding until he (the maker) had inspected the mine and approved it; that he had inspected the mine and disapproved it and had demanded back the note. The Supreme Court of the United States, through Mr. Justice Harlan, said: The issue here is between the original parties to the note. And the evidence offered by the appellant and excluded by the court did not in any true sense contradict the terms of the writing in suit, nor vary their legal import, but tended to show that the written instrument

was never in fact delivered as a present contract, unconditionally binding upon the obligor according to its terms from the time of such delivery, but was left in the hands of Dulaney, to become an absolute obligation of the maker in the event of his electing, upon examination or investigation, to take the stipulated interest in the property in question. In other words, according to the evidence offered and excluded, the written instrument upon which suit is based was not, except in a named contingency, to become a contract. . . Evidence of such an oral agreement would show that the contingency never happened, and would not be a contradiction of the writing. It would prove that there was never any concluded, binding contract entitling the party who claimed the benefit of it to enforce its stipulations. The exclusion of parol evidence of such an agreement could be justified only upon the ground that the mere possession of a written instrument, in form of a promissory note, by the person named in it as payee, is conclusive of his right to hold it as the absolute obligation of the maker. While such possession is undoubtedly prima facie, indeed should be deemed strong, evidence that the instrument came to the hands of the payee as an obligation of the maker, enforceable according to its legal import, it is open to the latter to prove the circumstances under which possession was acquired, and to show that there never was any complete final delivery of the writing as the promissory note of the maker, payable at all events and according to its terms. The rule that excludes parol evidence in contradiction of a written agreement presupposes the existence in fact of such agreement at the time suit is brought. But the rule has no application if the writing was not delivered as a present contract." The opinion in the *Heitmann* case, which is a treatise upon the question under consideration, cites the leading case of *Hansford* v. *Freeman,* 99 *Ga.* 376 (27 S. E. 706), and numerous other interesting cases. See also *Farrell* v. *Bean,* 26 *Ga. App.* 462, 465 (106 S. E. 315) ; *Rogers* v. *Southern Fertilizer & Chemical Co.,* 36 *Ga. App.* 229 (136 S. E. 106), and cit.

Taking the plea in the case at bar precisely as it is written, it does not, to our minds, undertake to add to or vary the terms of the note, but does aver that the writing was never a completed contract, for the reason that it was not to become so until the plaintiff had sold for the defendant certain land, and that this had never

been done. We think that this case comes well within the reason of the *Heilmann* case, supra, and that the plea and answer sets out a valid defense to the action. Therefore we hold that the judge of the superior court properly sustained the certiorari and granted a new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*