25354.  MURPHY v. DRUM & BUGLE CORPS, etc.

DECIDED JUNE 9, 1936.

*Fleming & Fleming*, for plaintiff in error.
*Clarence L. Powell*, contra.

SUTTON, J.   1.   Under the provisions of section 16 of the negotiable instruments law, indorsement of a note before delivery to the payee may be made conditional, but to be binding on the payee such conditions must be accepted by him, made with notice to him or acknowledged on his part before or accompanying delivery.  "As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting, or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument."   Ga. L. 1924, p. 130, sec. 16 (Code of 1933, § 14-216).   So, evidence of a contemporaneous oral agreement is admissible as against parties not holders in due course, to show that the instrument was not to take effect until some condition was performed; and in an action by the payee against an indorser of a promissory note, parol evidence is admissible to show that the note was indorsed and delivered by the defendant to the plaintiff on a condition which has never been performed.   Therefore, in an action against the indorser of a note, it is a good defense as against the payee that the defendant indorsed the note with the understanding and upon the unperformed condition that the signatures of certain additional indorsers would be obtained before the note would be effective and binding upon him, it appearing that the payee had knowledge of this agreement and condition and acquiesced therein; and where the plea and answer sets up such facts, it sufficiently pleads a conditional delivery of the instrument under the negotiable-instruments law.   Brannan's Neg. Inst. Law (Beutel's 5th ed.), 218, 220-227; *Mobley* v.

*Christian,* 38 *Ga. App.* 655 (145 S. E. 103) ; *Pidcock* v. *Crouch,* 7 *Ga. App.* 299 (66 S. E. 971).

2. Therefore where, in a suit by a payee against two accommodation indorsers in blank of a promissory note, it was set up by one of them in answer that the note sued on was given as evidence of money borrowed by the maker from the payee, that the payee would not make the loan without having indorsers on the note, that both the maker and the payee called on this defendant relatively to his becoming one of the indorsers of the note, that he "refused to sign said note as surety or guarantor unless further security were given on said note in the form of other financially responsible sureties or guarantors," that the maker and the payee promised this defendant that they would obtain the signatures of certain other persons, "and that if he would sign said note as surety or guarantor they would not use said note until the above-mentioned parties had also signed as sureties or guarantors," that the defendant signed the note "on the condition and with the condition precedent that his signature was to be operative only until and after the names" of these certain persons "had been added thereto as sureties or guarantors," that the signatures of these persons, with one exception, "not having been placed on the note, the defendant contends that his signature is inoperative and invalid in that his contract of suretyship has been changed without his consent," and that "the defendant . . alleges that his signature was obtained to said note by fraud and misrepresentation, and therefore he can not be bound as surety or guarantor," the judge erred in striking, on motion, all of defendant's answer except that part setting up that his signature to the note was obtained by fraud, such stricken part setting forth a valid defense as against the plaintiff, who was not a holder in due course of the note, in so far as this defendant was concerned.

3. It follows that the judge erred in striking paragraphs 7, 8, 9, 10 and 11 of the defendant's answer, in thereafter directing a verdict for the plaintiff on the note, and in overruling the defendant's motion for new trial. The judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*