28489. EMPIRE MORTGAGE AND INVESTMENT CORPORATION *v.* DONALDSON.

198

*Shelton, Pharr & Long,* for plaintiff.

*Evins & Evins,* for defendant.

MacIntyre, J.   On February 26, 1932, the defendant, Mrs. J. S. Donaldson, sold to Empire Trust Company three notes, $600 each, totaling $1800, which defendant owned and which had been signed by Mrs. Henrietta George, and transferred a loan deed given to secure these notes to the Empire Trust Company as security which had been transferred to the defendant by Mrs. George.   The purchase-price of the notes was $1800 which was paid by the Empire Trust Company to the defendant.   About March 15, 1932, Henry B. Kennedy, an officer and agent of the trust company, stated that the property represented by the loan deed given as security was worth but $1000, so the defendant executed the note in question for $800 which was alleged to have been *delivered* on the condition and understanding that the note was not enforceable unless and until there was a loss to the trust company arising out of the sale of the three $600 notes and the land represented by the loan deed.   The note sued on is a renewal of the original $800 note being renewed solely upon the original consideration.   At the time the note sued on was executed, the defendant received absolutely nothing from the Empire Trust Company.   On May 3, 1932, the trust company bought in the property represented by the loan deed for $100 at public sale merely for the purpose of putting fee-simple title in the trust company so as to sell it to one Charles W. Thrash for more than $1800, it being known by the trust company at the time it purchased the land that Thrash would buy it.   On May 6, 1932, the property was sold to Thrash for more than $1800, and he gave the trust company a deed to secure a loan for $2142.   The note in question, that is the $800 note, was transferred to the plaintiff, Empire Mortgage & Investment Corporation (changed by charter

from the Empire Trust Company), after maturity, by R. E. Gormley, as Superintendent of Banks of Georgia. The loan deed from Thrash to the Empire Trust Company was introduced in evidence and was marked "satisfied" and had been cancelled, thus showing no loss to the trust company (or Empire Mortgage & Investment Corporation).

■ Code, § 14-216, provides: "Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting, or indorsing, as the case may be; and in such case the *delivery* may be shown to have been *conditional,* or for a special purpose only, and not for the purpose of transferring the property in the instrument. Where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed. Where the instrument is no longer in possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved." (Italics ours.) See also Brannon's Negotiable Instrument Law, 6 ed., 249 et seq., § 16.

The plaintiff is admittedly not a holder in due course, for the note was transferred to the plaintiff after maturity, and any defense available between the original parties is available against this plaintiff. The sole question is whether the evidence offered authorized the jury to find that the delivery of the instrument was conditional, or whether the evidence showed an unconditional delivery (as contended by the plaintiff) of the instrument and an additional oral agreement not included in the written terms. In the latter instance such an oral contract is not admissible to contradict or vary the terms of a valid written instrument and, generally speaking, the plaintiff could recover. Code, § 38-501. Mr. Thomas F. Green, Professor of Law at the University of Georgia, has so well illustrated the distinction between the two propositions that we quote his illustration in full: "Delivery of an instrument may be conditional. If A puts B in possession of a note, but tells him that the delivery is to take effect only when and if C signs the note as a joint maker with A, and C does not

sign, B can not enforce the instrument against A. The condition must be attached to the delivery. The terms of a complete written instrument can not be varied or contradicted by oral evidence. Therefore if A's evidence in B's suit against him is that he delivered the instrument with the understanding on the part of both parties that it would take effect immediately, but there was a contemporaneous agreement that B could not enforce the instrument unless C also signed it, this evidence would not be admissible and B could recover." Green's Negotiable Instruments, 8. In other words, the plaintiff is contending that there was actual delivery of the instrument in question, and that if anything the agreement urged by the defendant was simply a parol agreement attempting to alter and vary the terms of the written agreement evidenced by the note and the plaintiff could recover. In *Rudder* v. *Belle Isle,* 46 *Ga. App.* 336 (167 S. E. 753), this court held: "Where the payee brings an action against the maker of a promissory note, a plea substantially averring that the note was delivered to the plaintiff by the defendant under an agreement that the instrument was not to be a binding obligation until and unless the plaintiff sold a certain parcel of land for the defendant is a valid defense to the action." The court there in effect held that the rule that excludes parol evidence in contradiction of a written agreement presupposes the existence in fact of such agreement at the time suit is brought. But the rule has no application if the writing was not delivered as a present contract and the evidence sought to be introduced did not cantradict the terms of the writing or vary its legal import, but tended to show that the written instrument was never in fact delivered as a present contract, unconditionally binding upon the obligor according to its terms. It seems to be the settled law under the negotiable instruments law that a bill or note may be shown to have been delivered upon condition, the law expressly so providing, as between immediate parties and as regards a remote party other than a holder in due course. Code, § 14-216, supra; 105 A. L. R. 1350.

The instant case is not to be confused with cases such as *Hartman* v. *Citizens' Bank & Trust Co.,* 47 *Ga. App.* 562 (171 S. E. 195), where there was an attempt by parol to show that the *promise* was *conditional,* whereas the face of the instrument showed an *unconditional promise.* We therefore think the evidence authorized the

jury to find that the note sued on was *delivered* on the condition that there would be no liability thereon if the payee suffered no loss out of the sale of the land; further, that there was no loss suffered by the plaintiff; and that the plaintiff, not being a bona fide holder in due course, was subject to any defense, which includes the defense here set up, that might be set up by the maker against the payee. The judge therefore did not err in overruling the motion for new trial on the general grounds, and on special ground 4 which is but an elaboration of the general grounds.

■ Special ground 1 complains that the judge erred in charging the jury: "In other words, if you find in this case that Mrs. Donaldson gave this note for $800 to the mortgage company under the agreement she says she made, that is, that it was not to become an enforceable obligation unless there was a loss by reason of the purchase of the notes by the mortgage company, and [if you find] that it has not been shown that there was any loss, then, gentlemen, there could be no recovery in this case, and it would be your duty to find a verdict for the defendant." The plaintiff contends in the brief that "this was, in substance, telling the jury that if there was no evidence of any loss then the defendant would be entitled to a verdict. It, therefore, placed the burden of proof on the plaintiff. This is not the law." Generally speaking, a court should not charge hypothetically upon a state of facts directly opposed to all the proof. But where there is conflicting and contradictory evidence, as here, as to the existence of a fact, the court may hypothetically state the fact as existing and predicate his charge upon it, but the hypothetical statement must contain all the essentials necessary to support the verdict indicated. 1 Reid's Branson Instructions to Juries, 48, 49, § 21. We think there was such a conflict in the evidence, and the hypothetical statement made in the charge to the jury, which was supported by evidence, contained all the essentials necessary to support the verdict indicated, for if there had been no delivery of the instrument, under the negotiable instruments law, there could be no recovery between the immediate parties or by one not a holder in due course. The effect of the charge complained of was to state hypothetically that if, from the proof of certain facts submitted to the jury, they were legally satisfied that there had been no delivery of the instrument sued on, they would be authorized to find for the defendant, and this charge

was not error. *Daniels* v. *State,* 58 *Ga. App.* 599, 608 (199 S. E. 572). In other words, a particular hypothesis was stated, then it was left to the jury to determine from the evidence whether the hypothesis was established. *Gaither* v. *State,* 63 *Ga. App.* 414 (11 S. E. 254). Nor was the charge erroneous for the reason that it placed the burden of proof on the plaintiff, for elsewhere the judge charged the jury as follows: "Taking the defense as I have read it to you, I might state that the defense as set forth by the defendant, the plaintiff having made out a prima facie case, the burden of proof is on the defendant to show by a preponderance of the evidence that the averments as set out in her defense are true." This ground is not meritorious for any reason assigned.

Special grounds 2 and 3 complain that the judge committed reversible error in certain excerpts from the charge in which he used the Empire Trust Company, the original payee, and the Empire Mortgage & Investment Corporation, the plaintiff, interchangeably, and that this was a misstatement of the plaintiff's contentions in that it treated the plaintiff as the original payee of the note, and it was confusing and misleading to the jury and was an incorrect statement of the defendant's contentions. We think the jury must necessarily have understood, from the entire charge, the context, and the sense in which the names of the companies were used, what was really intended, and could not have been thereby misled or confused. *Benton* v. *Harley,* 21 *Ga. App.* 168 (3) (94 S. E. 46). Furthermore, it was agreed between the parties that the note was transferred to the plaintiff after maturity, and therefore the plaintiff was not a holder in due course. Therefore if error there was in using the names interchangeably it was harmless error, for the rights of the original payee and the plaintiff were the same. This ground is not meritorious.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*