ESTATE OF PETERSON: H. PHILLIPS COMPANY, Appellant, vs. ESTATE OF PETERSON, Respondent.

*February 9—March 9, 1943.*

*E. P. Gorman* of Wausau, for the appellant.

*W. T. Nobles,* attorney, and *Hugh W. Goggins* of counsel, both of Wisconsin Rapids, for the respondent.

FAIRCHILD, J.    The dispute in this case arises between the payee of a negotiable promissory note and the estate of one of the indorsers.    These were the only parties before the court and it had jurisdiction of the parties to this controversy only.    Therefore the direction that the note be surrendered was in excess of jurisdiction.

The findings of the trial court tend to show that the makers and indorsers of the note in question signed it with the clear understanding and agreement that it was not to be delivered to the payee and was not to become a present obligation unless Arthur Sierck was granted probation.    The trial court found as a fact that this agreement was known to the payee company and that the note was delivered to it only because Walter Sierck had been told that his brother would be paroled that afternoon.    Appellant claims that the note was given unconditionally to make restitution of the embezzled money, but the trial court found that the delivery was conditional and the evidence amply supports this conclusion.

Sec. 116.20, Stats., governs the delivery of completed negotiable instruments. Respondent's evidence rebuts the presumption of "a valid and intentional delivery." It establishes that the delivery on which appellant relies was contrary to the intent of the respondent's decedent and that appellant had notice of the conditions under which the indorsement was executed. This being true, respondent's defense is good. See *Hodge v. Smith,* 130 Wis. 326, 110 N. W. 192; *Murphy v. Drum & Bugle Corps,* 53 Ga. App. 448, 186 S. E. 444; *Baroch v. Greater Montana Oil Co.* 70 Mont. 93, 225 Pac. 800. The finding that the payee understood the condition destroys the possibility of its claiming as against the respondent to be a holder in due course.

The facts as found show that the consideration for the note was to be Arthur's release. There was a complete failure of consideration which is a defense under sec. 116.33, Stats.

*By the Court.*—Judgment dismissing the claim against the estate of James Peterson, deceased, is affirmed; but reversed as to the requirement that the note be delivered to the court for cancellation, appellant to have costs.