### 36675. FULMER *v.* BABER.

Decided April 17, 1957.

*Cornelius B. Thurmond, Jr., Sanders, Thurmond & Hester,* for plaintiff in error.

*Isaac S. Peebles, Jr.,* contra.

QUILLIAN, J. ■ We will first consider whether the trial judge erred in striking the defendant's answers. The answers alleged that the parties agreed to hold the checks and not present them to the bank until the books had been audited and the exact figure of the purchase had been ascertained. Delivery of an instrument may be conditional. " 'As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting, or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument.' Ga. L. 1924, p. 130, sec. 16 (Code of 1933, § 14-216). So, evidence of a contemporaneous oral agreement is admissible as against parties not holders in due course, to show that the instrument was not to take effect until some condition was performed." *Murphy* v. *Drum & Bugle Corps,* 53 *Ga. App.* 448 (186 S. E. 444).

If there was some condition which was to be performed before the instrument was to take effect, the delivery was not complete. In the present case it was a valid defense, against the payee of the check, that the parties agreed that the check was not to be cashed until the audit was completed, and if the audit disclosed a different sum was due, then another amount would be substi-

tuted for the present one. The answers having set up sufficient facts to constitute a conditional delivery of the instrument, the trial judge erred in striking the answers. *Empire Mortgage &c. Corp.* v. *Donaldson,* 64 *Ga. App.* 197 (12 S. E. 2d 489); *South Georgia Trust Co.* v. *Crandall,* 47 *Ga. App.* 328 (4, 5) (170 S. E. 333); *Murphy* v. *Drum & Bugle Corps,* supra.

■ The stenographic report of the trial specified in the bill of exceptions and included in the record contains arguments and rulings of the court thereon, objections of counsel to the admissions of evidence, statements of the court and other colloquy which constitutes more than fifty percent of the purported brief of evidence. This does not show a bona fide attempt to comply with the requirement of the Code (Ann Supp.) §§ 6-802, 70-305 and 70-312, that immaterial parts of the record of the trial be stricken, in order to use such report in lieu of a brief of evidence. This court will not pass on assignments of error requiring a consideration of the evidence where such evidence is not in a proper form for consideration. *Satterwhite* v. *Mansfield,* 91 *Ga. App.* 450 (85 S. E. 2d 802).

The remaining assignments of error requiring such examination are not passed upon by this court.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*