## 55009. EMERSON et al. v. COUSINS MORTGAGE & EQUITY INVESTMENTS.

BANKE, Judge.

The appellee, Cousins Mortgage & Equity Investments, sued the appellants, William A. Emerson and Phillip H. Dohn, Jr., to recover on matured promissory notes. The appellants appeal the grant of summary judgment for appellee and the denial of their own motion for summary judgment. They also appeal the denial of their motion to compel discovery.

The appellants were limited partners in Crestway Properties. Crestway obtained a loan from the appellee in August 1973 which was secured by a first deed to secure debt on the property (apartments being converted into condominiums). In January 1974 Crestway filed for bankruptcy under Chapter XII of the Federal Bankruptcy Act. A plan of arrangement was proposed and confirmed by the bankruptcy judge. The plan provided, in part, that the appellee could foreclose on the property by exercising its power of sale; that Crestway would have an option to repurchase the property at a specified price if the appellee was the purchaser at foreclosure; and that the appellants would each give the appellee a promissory note, which would mature on November 11, 1975, in payment for the appellee's agreeing to grant the option to repurchase.

The appellee was the only bidder at the June 1975 foreclosure sale; and the appellants, as successors in interest to Crestway, did not exercise their option to repurchase. The notes became due, and appellee filed this action when the appellants refused to pay the notes after demand.

1. The appellants contend that no outsiders bid on the property because the appellee "chilled" the foreclosure proceedings and that the appellee's bid was below fair market value and below the minimum amount agreed upon in the plan of arrangement. They argue that they are released from any obligation to pay the promissory notes because of the above irregularities and because appellee failed to obtain a confirmation of sale.

(a) The promissory notes signed by the appellants stated that the notes were "executed and delivered to

payee [the appellee] in compliance with the requirements relating to 'four notes' . . . set forth on page 4 of an Arrangement Under Chapter XII of the Bankruptcy Act in the Matter of Crestway Properties . . . said Arrangement having been confirmed by the court at a meeting commencing on April 1, 1975, and being continued and concluded on April 3, 1975." Thus, each promissory note and the written contract (plan of arrangement) out of which it arose constitute one contract and are to be construed together. *Adams v. Hatfield,* 17 Ga. App. 680 (2) (87 SE 1099) (1915). The fact that the notes were conditioned on the appellee's purchase of the property at a forthcoming foreclosure sale did not destroy the validity of the notes; and undisputed evidence of the payee's failure to comply with the stated condition precedent is a defense to the maker's liability. See *McCook v. Parker,* 38 Ga. App. 426 (144 SE 132) (1928); *Rudder v. Belle Isle,* 46 Ga. App. 336 (167 SE 753) (1932). These rulings are consonant with the rule that the maker can always plead failure of consideration in defense to a suit on a promissory note. *Slaton v. Fowler,* 124 Ga. 955 (3) (53 SE 567) (1905); *Pryor v. Ludden & Bates Southern Music House,* 134 Ga. 288 (67 SE 654) (1910).

The appellants, here, have pleaded failure of consideration. They claim that numerous irregularities existed with regard to the foreclosure sale of partnership property conducted by the appellee and that, consequently, the sale was invalid and the consideration for which the promissory notes were given (option to the bankrupt partnership to repurchase the foreclosed property from its creditor) failed.

In this regard we note that the plan of arrangement provides that "In the event [the appellee] purchases 'The Property' at such foreclosure sale, it shall grant to Crestway the first option . . . to purchase 'The Property' for $4,100,000. . ." A later provision of the plan states that the four promissory notes given to the appellee by Crestway's two general partners and the appellants (limited partners) were ". . . a condition to confirmation of the plan . . ." and ". . . shall be deemed to be given by the respective makers thereof as partial consideration for [the appellee's] agreement to grant the option in the

circumstances provided above; provided, however, such notes shall be deemed to be payment for the option itself ..." The bankruptcy judge ruled that he "approved and confirmed" the foreclosure sale "in all ... respects" except purchase price on which he made no ruling.

After a long and in-depth consideration of the issues and arguments raised by the parties to this appeal, we hold that the defense to payment (failure of consideration) urged by the appellants fails. We base our ruling on this court's 1912 decision in *Tobin v. Pursley,* 11 Ga. App. 352 (75 SE 265) (1912) which we find to be fully applicable in this modern factual situation. The *Tobin* decision is quoted below in its entirety:

"It is no defense to an action on a promissory note that the note was given for the purchase-price of a mule, secured by a mortgage thereon; that the defendant delivered the mule to the plaintiff (the mortgagee) upon his agreement to foreclose the mortgage in a justice's court, sell the mule at constable's sale (the note and mortgage being for more than $100), and notify defendant of the time and place of sale; that the plaintiff foreclosed the mortgage in the superior court, had the mule sold by the sheriff, and failed to notify the defendant of the time and place of sale, and that, in consequence of this failure, the defendant did not appear at the sale, and the mule was sold for a sum greatly less than its value. *If the defendant has any remedy, it is by an independent action against the plaintiff.*" (Emphasis supplied.)

(b) The appellants' argument that appellee's bid was less than the minimum price agreed upon in the plan of arrangement is also without merit. Section II of the plan provided that CMEI (the appellee) agreed to bid "an amount not less than the *lesser* of" the amount of the debt as calculated in another section of the plan less $100,000 or the amount required to purchase the property. No bids other than appellee's were received. Thus, there was no reason for appellee to increase its initial bid in order to purchase the property.

The plan of arrangement was drafted by appellants' former attorney. The court will not construe language in a contract which appears unambiguous on its face to have some other meaning simply because the language used

does not provide what the drafter now says he had intended. See *Bailey Co. v. West Lumber Co.*, 1 Ga. App. 398 (4) (58 SE 120) (1907).

(c) The appellee was not required to obtain a confirmation of sale before suing on the promissory notes since the notes were given in payment for the option (with the direction that the notes "shall in no way be applied against the purchase price of 'The Property' under the option. . .") and did not represent the deficit remaining due after foreclosure. See Code § 67-1503; *Murray v. Hasty*, 132 Ga. App. 125 (1) (207 SE2d 602) (1974).

2. (a) The trial judge ruled that the appellee "was in position to grant the option if defendants (appellants) had chosen to exercise it, and is entitled to recover upon the notes." While it cannot be denied that the language in the plan concerning the option is somewhat unclear, the trial judge's ruling that the option lapsed because appellants failed to exercise it, rather than because the appellee failed to grant it as alleged by the appellants, accords with the procedures set forth in the plan of arrangement. That is, the plan required the appellants to exercise their option to repurchase by a specified date, giving the appellee notice at least 10 days before closing, but imposed no additional requirement beyond being the purchaser at foreclosure on the appellee.

The appellants rely on the affidavit of John C. Spencer, a general partner of Crestway, as establishing an issue of fact as to whether the appellee frustrated Crestway's attempt to exercise the option, thereby rendering the trial judge's grant of summary judgment to appellee error. Mr. Spencer testified that the appellee refused to cooperate in that it refused to give him certain information which he needed in order to procure a loan so that Crestway could exercise its option to repurchase. They also point out that the four promissory notes were to be canceled upon exercise of the option by Crestway. This argument of appellants defeats their concurrent argument that the appellee failed to extend the option at all.

The plan imposed no duty of cooperation on the appellee. It simply provided that exercise of the option could be achieved by tender of $4,100,000 in *cash* to

appellee on or before October 1, 1975. Time was stated to be of the essence, and failure to tender the full amount in cash would result in lapse of the option. There was no evidence that either the appellants or any person acting on behalf of Crestway complied with the aforesaid conditions. The option therefore lapsed, and the trial judge was not required to submit this issue to the jury.

(b) The appellants have also argued that the references in the plan to the option are so vague that even if the option was granted in the plan, it was not in compliance with the Statute of Frauds. The plan identified the parties to the option, described the property, stated both the price appellants had to pay for the option and the price (in cash) necessary to repurchase the property under the option, established dates by which the option must be exercised, and provided a procedure by which to place all parties back into their original positions in the event the appellee was not the purchaser at foreclosure.

Additionally, the plan provided that "[i]n the event either of the options granted herein is exercised, such papers as may be reasonably required to consummate this transaction and the acquisition of the option property as contemplated in this agreement shall be executed and delivered by the parties at the time said acquisition is closed."

We hold that the plan of arrangement sufficiently stated the terms of the option. See generally *Baker v. Lilienthal,* 176 Ga. 802 (169 SE 28) (1933).

3. At the time the trial judge granted the appellee's motion for summary judgment, he denied the appellants' converse motion for summary judgment. He also denied the appellants' motion to compel discovery since the evidence sought related to defenses he had ruled insufficient as a matter of law.

Our decisions in Divisions 1 and 2, above, affirm the correctness of the trial judge's rulings; and, accordingly, we find no error in his denial of the appellants' motion to compel discovery.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED JANUARY 3, 1978 — DECIDED APRIL 13, 1978 —

888

Hurt, Richardson, Garner, Todd & Cadenhead, J. Wayne Pierce, Nall & Miller, J. Robert Howard, for appellants.

Troutman, Sanders, Lockerman & Ashmore, William G. McDaniel, John J. Dalton, for appellee.