### 11940.  FARRELL v. BEAN, for use, etc.

</div>

1. The suit was properly brought in the name of the owner of the property
for the use of the real-estate broker.

2. It was not error to disallow the proffered amendment to the defendant's
answer.

3. The court erred in rejecting evidence offered by the defendant to show
that, because of nonperformance of a condition precedent as to which
the writing was silent, the alleged contract sued upon was no contract
at all.  LUKE, J., dissents.

<div style="text-align:center">

DECIDED MARCH 9, 1921.

</div>

Certiorari; from Fulton superior court — Judge Bell.  October
21, 1920.

T. F. Bean, owner of certain realty, suing for the use of J. H.
McNesser, a real-estate broker, sought to recover from P. J. Far-

rell commissions alleged to be due under the following contract:

"Atlanta, Ga., 4/5/1920.

"The undersigned hereby agrees to purchase through J. H. Mc-Nesser, agent, the following described property, to wit: All that tract or parcel of land lying and being in the city of Atlanta, Ga. House and lot known as number 164 Whiteford Ave., for the sum of five thousand five hundred dollars ($5,500), to be paid as follows:

Cash payment ..............................$2400.00
Assume loan 7% int., due about 1922 ............ 1600.00
Assume bal. in notes at $27.50 per mo. 7% int. ..... 1500.00

$5500.00

"Special Stipulations.

"Fire insurance and interest on loan are to be prorated at the time of closing deal. I have this day deposited with J. H. Mc-Nesser, real-estate agent for Mr. Bean, the sum of $25 (twenty-five dollars) as a part of the named purchase-money to bind this trade, a reasonable length of time being allowed for the examination of titles by my attorney. If said titles are good, I agree to make settlement at once, but if said titles are not good and cannot be made good within a reasonable length of time, the said cash payment is to be returned to me and this trade canceled. If through any fault of mine I fail or refuse to complete the above trade, then I agree to pay J. H. McNesser the amount of commission which he would have received, had I complied with my contract above set out.

(Signed) "P. J. Farrell, Purchaser."

"I hereby accept the above offer of $5500 upon the terms and conditions therein named and guarantee the title to be perfect and to deliver same free of legal encumbrance to the purchaser, and agree to pay J. H. McNesser, for having negotiated the above sale, a commission on the gross amount, as follows, viz.: 5 per cent. on the first five thousand dollars, 2 1/2 per cent. on the excess over the first five thousand dollars. In event the buyer fails to pay for the property as stipulated above, then the amount paid in is forfeited and is to be kept by J. H. McNesser as part

compensation for service by him rendered in this trade. This April 5th, 1920.

<div align="center">(Signed)        " T. J. Bean, Owner. "</div>

The defendant answered, denying liability, on the ground that the writing quoted was not a legal and valid contract and was not binding upon him, because it was signed with the express agreement and understanding that it was to be held in escrow by Mc-Nesser and not to be delivered to Bean until the defendant sold his home place, No. 98 Alto Avenue, Atlanta, Georgia, and that this place was never sold, and the contract was never delivered. Upon the trial the defendant offered to amend his answer, by adding allegations of fraud in the procurement of the contract. The amendment was disallowed, the case proceeded to trial, and at the conclusion of the evidence the court directed a verdict for the plaintiff. The defendant sued out certiorari, and to the judgment overruling the certiorari he excepted.

*T. J. Ripley, W. M. Bailey,* for plaintiff in error.

*Etheridge, Sams & Etheridge,* contra.

BROYLES, C. J. (After stating the foregoing facts.)   1. There is no merit in the contention that it was not proper to bring the suit in the name of Bean, suing for the use of McNesser. *West* v. *Morris,* 10 *Ga. App.* 651 (73 S. E. 1075).

2. The proffered amendment to the defendant's answer, which alleged fraud in the procurement of the contract, was properly disallowed, since the facts therein set forth were insufficient to show fraud.

3. While the proffered amendment to the answer was properly disallowed, the defendant, under his original answer, was entitled to show by parol evidence, if he could, that the instrument in question was signed by the defendant with the express understanding and agreement that it was to be held in escrow by Mc-Nesser, the agent, and not to be delivered to Bean, the owner, until the defendant had sold his home place, and that that place had never been sold, and that the instrument had never been delivered to Bean.

A written instrument may, by parol evidence, be shown not to be a contract at all, because of the non-performance of a condition precedent as to which the writing is silent. It may be shown by parol evidence " that the writing is not a valid or en-

forceable legal obligation because it does not possess finality of utterace as a completed, all-comprehesive, and presently operative embodiment of the entire agreement of the contracting parties." *Heitmann* v. *Commercial Bank, 6 Ga. App.* 584 (65 S. E. 590). It is manifest that there is a very marked difference between allowing parol evidence for the purpose of varying the terms of a writing whose execution and delivery are not denied, and allowing parol proof for the purpose of showing that, on account of the non-performance of some condition, perhaps not stated in the instrument, the alleged contract was in reality never created at all." *Hartman Stock Farm* v. *Henley, 8 Ga. App.* 255 (68 S. E. 957). See also *Equitable Mfg. Co.* v. *Hill-Atkinson Co., 17 Ga. App.* 494 (87 S. E. 715); *Hansford* v. *Freeman, 99 Ga.* 376 (27 S. E. 706); *Purcell* v. *Armour Packing Co., 4 Ga. App.* 253, 256 (61 S. E. 138).

It follows from what has been said that the trial court erred in rejecting the evidence offered by the defendant for the purpose of showing that when he signed the instrument sued upon he did it with the express understanding and agreement that the instrument was not to be delivered until he had sold his home place, that he had sold it, and that the instrument had never been delivered. The error in rejecting this evidence necessitated a new trial; and the judge of the superior court erred in overruling the certiorari.

*Judgment reversed. Bloodworth, J., concurs. Luke, J., dissents as to the ruling stated in the 3d headnote.*