42804. GATE CITY FURNITURE COMPANY v. RUMSEY.

FELTON, Chief Judge. 1. "A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation." *Code Ann.* § 109A-3—402 (1) (Ga. L. 1962, pp. 156, 257). The defendant's filing of a general demurrer constituted an admission of all of the well pleaded allegations in the petition, among which was the allegation that the *drawer* had stopped payment on a check on his account, bearing his imprinted trade name, underneath which appeared the signature of his wife, who had the apparent authority as his agent or representative. In the absence of any pleading that she had no such authority to draw checks on his account, this must be construed as an admission of her authority. "Unless specifically denied in the pleadings each signature on an instrument is admitted." *Code Ann.* § 109A-3—307 (1) (Ga. L. 1962, pp. 156, 256). Furthermore, even if the defendant had specifically denied her authority in any of his pleadings, which issue he seeks to raise for the first time in this court, the plaintiff would have been entitled, as against the general demurrer, to go to trial with the presumption that the signature was authorized. *Code Ann.* § 109A-3—307 (1b).

2. "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense" (*Code Ann.* § 109A-3—307 (2)), and even then if the plaintiff can successfully overcome any defense raised. *Code Ann.* § 109A-3—307 (3). Accord-

ingly, the trial court erred in its judgment sustaining the general demurrer to the petition.

*Judgment reversed. Hall and Eberhardt, JJ., concur.*

SUBMITTED MAY 3, 1967—DECIDED MAY 19, 1967.

*Grubbs & Burke, Richard L. Powell,* for appellant.
*L. S. Cobb, Doyle C. Brown,* for appellee.