44729, 44730. KELLEY et al. v. CARSON; and vice versa.

SUBMITTED SEPTEMBER 3, 1969—DECIDED SEPTEMBER 19, 1969—
REHEARING DENIED OCTOBER 7, 1969.

452

*Gilbert & Carter, Fred A. Gilbert,* for appellants. .

*Walter O. Allanson,* for appellee.

D<small>EEN</small>, Judge. ■ As to the main appeal, a finding was authorized but not demanded that the $4,350 note was not for the purchase money of stock in the corporation but was part of an attempt to raise money to keep the corporation in business. Had the note been made out to Country Music, Inc., a different situation would of course have resulted. Under the circumstances obtaining, the defendant's position that there was no consideration for his note other than the mutual promises of the payees to obtain like funds for a mutual undertaking (in which regard see *Code* § 20-304) is legally tenable, as well as the position that the note never became a legally binding obligation because the delivery was based on a condition precedent which never occurred. The Uniform Commercial Code (Ga. L. 1962, pp. 156, 255; *Code Ann.* § 109A-3—306), *which supersedes any prior case law,* provides as follows: "Unless he has the rights of a holder in due course any person takes the instrument subject to . . . (c) the defense of want or failure of consideration, nonperformance of any condition precedent . . . or delivery for a special purpose." These are, of course, to some extent mutually exclusive defenses. Total lack of consideration, failure of a condition precedent or delivery for a special purpose (as to escrow, see *Adams v. Hatfield,* 17 Ga. App. 680 (4) (87 SE 1099)) affect the coming into existence of the obligation in the first instance, while failure of consideration may presuppose a valid contract the consideration for which has failed because of the failure to perform a condition subsequent. Where the consideration for a contract is so expressed to make it one of its conditions, a party may not under the guise of inquiring into its consideration alter the terms of the instrument by parol. *Roberts v. Investors Savings Co.,* 154 Ga. 45 (113 SE 398). Otherwise, parol evidence is admissible to show lack or failure

of consideration. *Purcell v. Armour Packing Co.*, 4 Ga. App. 253 (2a) (61 SE 138). The same is true on the defense of conditional delivery. "It is now the general rule that parol evidence is admissible to show conditions precedent which relate to the delivery or the taking effect of a written instrument. Such evidence does not constitute an oral contradiction or variation of the written instrument, but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed, at least not until the fulfilment of the condition." 30 AmJur2d 172, § 1038, and cit. Nor is a different decision required from the fact that the defendant failed to plead in haec verba the defenses of delivery for a special purpose and nonperformance of a condition precedent. "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." *Code Ann.* § 81A-115 (b). There is evidence to support the general judgment in favor of the defendant on the ground that the defendant delivered the note to the plaintiffs with the condition attached that the proceeds were to be used only to enlarge the working capital of Country Music, Inc., and then only on condition that four other persons simultaneously contributed a like amount.

2. As to the cross appeal, the defendant testified that he bought a 1/6 interest in the business by the admitted payment by him of ⅓ of the $10,000 borrowed from a lending agency. The plaintiff Partiss testified Mr. Kelley was issued 75 shares, that Partiss was issued 150 and endorsed 75 of them over to the defendant and that "it was there for them—the stock. All they had to do was go by his office and pick it up. They were notified it was there, but they never went by and picked it up." The evidence further strongly indicates that by the time these things occurred the business had been closed down and the stock was valueless. There is also testimony that while the defendant paid several hundred dollars to honor bad checks issued by the plaintiffs to cover corporate debts, the three were equally liable for the debts contracted and the defendant paid no more than his pro rata share of the deficit.

*Judgment affirmed on main appeal and on cross appeal. Bell, C. J., and Eberhardt, J., concur.*