54015. STEMBRIDGE v. SIMMONS et al.

SHULMAN, Judge.

This appeal is from a judgment based on a jury verdict for the defendants in a suit on a promissory note.

1. Appellant's first enumeration of error complains of the trial judge's denial of motions for directed verdict and judgment notwithstanding the verdict. Appellant contends that the note on which the suit was based was unconditional on its face and that the admission by the defendants of their execution of the note entitled him to a judgment as a matter of law. While that is a correct statement of the law of negotiable instruments *(Gate City Furniture Co. v. Rumsey,* 115 Ga. App. 753 (2) (156 SE2d 221)), the principle is not without exceptions. Both sides of the suit agreed at trial that the note was conditional. Their differences centered around what the conditions were. " 'It is now the general rule that parol evidence is admissible to show conditions precedent which relate to the delivery or the taking effect of a written instrument. Such evidence does not constitute an oral contradiction or variation of the written instrument, but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed, at least not until the fulfillment of the condition.' 30 AmJur2d 172, § 1038, and cit." *Kelley v. Carson,* 120 Ga. App. 450 (1) (171 SE2d 150). There was a conflict in the evidence which rendered a directed verdict inappropriate. Code Ann. § 81A-150. The jury chose to believe the appellees, and there being evidence to support their finding, this court will not substitute its judgment for that of the jury.

2. Appellant also enumerates as error the court's charge to the jury on failure of consideration. That defense was raised in the pleadings, but the record reveals that there was no evidence in the case to support a charge on that subject. We are not convinced, however, that the charge, though inappropriate, was so prejudicial as to require a new trial. " 'An instruction containing a correct legal principle, though inappropriate to the case, if not

prejudicial to the contention of the losing party, affords no sufficient reason for granting a new trial.' [Cits.]" *Smith v. Poteet,* 127 Ga. App. 735 (6) (195 SE2d 213). The charge given was from Code Ann. § 109A-3—408. The only testimony concerning consideration was that appellant paid a debt of the appellees (or their corporation) and took their note in return. Applying the evidence to the charge, the jury could only have concluded that there was no failure of consideration. No prejudice to appellant appearing, the enumeration is without merit.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

SUBMITTED JUNE 8, 1977 — DECIDED JULY 8, 1977 — REHEARING DENIED JULY 28, 1977 — 

*Kinney, Kemp, Pickell, Avrett & Sponcler, Allen F. Wallace,* for appellant.

*McCamy, Minor, Phillips & Tuggle, James H. Phillips,* for appellees.