## 56926. HARAKA v. DATRY.

McMURRAY, Judge.

On or about June 10, 1977, a licensed real estate broker presented a written contract for the sale of realty to a purchaser for the purchase price of $87,000. This contract recited that the purchaser paid to the undersigned $10,000 by check. The same was then executed by the purchaser, but had not been executed by the seller. This contract recites the following covenant: "Purchaser agrees that if Purchaser fails or refuses to

perform any of Purchaser's covenants herein. [sic] Purchaser shall forthwith pay Broker the full commission: provided that Broker may first apply the earnest money toward payment of, but not to exceed, the full commission and may pay the balance thereof to Seller as liquidated damages of Seller, if any, if Seller claims balance as Seller's liquidated damages in full settlement of any claim for damages, whereupon Broker shall be released from any and all liability for return of earnest money to Purchaser." This contract was subsequently delivered to the seller, who executed it. The sale was never consummated. Whereupon the seller sued the purchaser for liquidated damages in the amount of $3,910, and reasonable attorney fees and expenses of litigation in the amount of $1,000.

Defendant answered the complaint, admitting jurisdiction and the signing of the contract for sale and purchase of said property but contends that at the time the contract was signed by her she explained to the broker that the consummation of said sale would depend upon her being able to obtain certain funds as an advance on alimony from her ex-husband. She further advised him that the $10,000 check given as earnest money was not negotiable, funds were not available and the broker agreed to hold said check and did hold same for a considerable period of time. She contends further that she was unable to get the advance of alimony and thereafter she stopped payment on the check and that the broker as the agent of the seller well knew that the agreement was made "with said broker to the effect that said sale was contingent upon the availability of the funds aforementioned." She also set forth other grounds for her failure to consummate the sale.

The case proceeded to trial wherein the contract as executed by the parties was submitted in evidence. The contract was shown to have been accepted and signed by the seller who immediately sought to purchase another residence. Seller testified that about the end of July she received word from the broker that the check had been returned to him "stop payment." Seller-plaintiff also offered other evidence as to her damage by reason of the alleged breach of the contract by the purchaser

contending that her liquidated damages would be the difference between the 7% brokerage fee and the $10,000 earnest money which would be "$3,900.00" (the contract and the complaint showing same to be $3,910.).

The purchaser offered testimony that the broker well knew that the check was not negotiable and she had executed the contract on the premise that she would have to receive the sum of $10,000 in advance of her alimony from her ex-husband in order to consummate the sale. She was unable to obtain the advanced alimony and she immediately stopped payment on the check which was shown by an exhibit offered in evidence as being accomplished by a stop payment on "6/15 at 9:25," as follows, payment of "Check Dated 6-10-77 Check No. 656" for $10,000 was stopped for reason of "insufficient funds" at "9:25" on "6-15-77."

Verdict and judgment was returned against the plaintiff, and she appeals. *Held:*

" ' "It is now the general rule that parol evidence is admissible to show conditions precedent which relate to the delivery or the taking effect of a written instrument. Such evidence does not constitute an oral contradiction or variation of the written instrument, but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed, at least not until the fulfillment of the condition." 30 AmJur2d 172, § 1038, and cit.' *Kelley v. Carson,* 120 Ga. App. 450 (1) (171 SE2d 150)." *Stembridge v. Simmons,* 143 Ga. App. 90 (1) (237 SE2d 514). See also *Farrell v. Bean,* 26 Ga. App. 462 (3) (106 SE 315). The defendant in this case has not attempted to alter the terms of the written contract by parol evidence but has presented evidence that under the terms of an oral agreement her receipt of a certain sum of money from her former husband was stated as a condition precedent to the effectiveness of the written contract. The trial court did not err in allowing testimony relating to the conditions precedent into evidence, nor in charging the jury on this issue.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED NOVEMBER 7, 1978 — DECIDED JANUARY 9, 1979.

*Schultz, Ellenberg & Roberts, Richard D. Ellenberg,* for appellant.

*Brackett, Arnall & Stephens, C. F. Brackett, Jr.,* for appellee.