## 59777. SCHEIL et al. v. GEORGIA FEDERAL SAVINGS & LOAN ASSOCIATION.

SHULMAN, Judge.

Plaintiffs brought suit against defendant savings and loan association, alleging that defendant had violated the state usury laws in charging interest on their real estate loan in excess of the 10% allowable in 1978.

The pertinent facts are as follows: Plaintiffs executed in 1978 a promissory note to defendant in the amount of $56,000 with interest on the unpaid principal balance at the rate of 9.75% per annum. Under the terms of the note, appellants were to repay the principal and interest in 360 consecutive monthly installments of $481.14 each. At the execution of the note, appellee reserved $2,334 from the note in payment of a loan origination fee and discount points.

Plaintiffs argue that the sum of $2,334 paid up front reduced the amount of the true mortgage to $53,666 and that since the total finance charge to plaintiffs was $119,544.40 on the promissory note, a true interest rate of 10.25%, the interest charged by defendant was usurious.

Defendant, on the other hand, contends that the $2,334 as prepaid interest is not deducted from the principal amount of the loan, but rather that the face amount or principal amount of the promissory note is as stated on the note, $56,000. Defendant submits that the $2,334 (admittedly in the nature of interest) added to the 9.75% interest calculated on the loan of $56,000 is not usurious. On the basis of defendant's calculation showing that interest of 9.75% on $56,000 amortized over 30 years (or $117,210.40) plus $2,334 in prepaid interest (equaling $119,544.40) does not surpass the highest legal rate chargeable as interest (which would be interest of $120,922: $56,000 amortized at 10% over a 30-year period), defendant brought its motions to dismiss plaintiffs' complaint for failure to state a claim of usury. From the grant of such motion, plaintiffs appeal. We affirm.

Code Ann. § 57-101.1 (c) (7), dealing with interest and usury, reads as follows: "The rate of interest applicable to a real estate loan shall be computed upon the assumption that the debt will be paid according to the agreed terms and will not be paid before the end of the agreed term. *Any sums of money reserved or taken for the loan or forbearance which are in the nature of and taken into account in the calculation of interest, even though paid at one time, shall be spread over the stated term of the loan for the purpose of determining the*

*rate of interest under this section."* (Emphasis supplied.)

This statute provides that certain monies, paid for the acquisition of a loan, which are considered interest for the purposes of Code Ann. § 57-101 et seq., be spread over the course of the stated term of the loan, ostensibly so that in any given year the interest rate chargeable per annum will not exceed legal interest ceilings. This provision states that for purposes of calculating the interest charged on a loan (to determine whether or not such interest is in compliance with state usury laws), the fees charged up front be spread over the term of the loan. By inference, this provision negates plaintiffs' assertions that such up front payments reduce the principal amount of the mortgage. Rather, Code Ann. § 57-101.1 (c) (7) infers that payments such as the $2,334 in the case at bar be treated purely as part of the total interest to be repaid on the principal amount of the loan.

Although reserved prepayments of interest may in reality effectively reduce the principal, since the statute requires that they be spread over the entire term of the loan, they cannot be inconsistently applied as well to immediately reduce the amount of principal (stated as the face amount of the loan).

Nor can we agree with plaintiffs' contention that since they never had use or control of the $2,334, the $2,334 reserved from the principal amount to be borrowed ($56,000) rendered the true principal $56,000 less $2,334, or $53,666. Plaintiffs borrowed the total sum of $56,000 from the defendant. The fact that the defendant reserved the $2,334 from the $56,000 loan, rather than delivering to plaintiffs the full $56,000 and requiring a check back from the plaintiffs in the amount of $2,334, should not alter the determination as to the true amount or principal amount of the loan. The fact is that plaintiffs borrowed $56,000 and were contractually obligated (in addition to paying $2,334) to pay 9.75 % interest per annum for such loan. Though a portion of the amount borrowed went immediately to pay certain costs (deemed interest), which costs effectively reduced plaintiffs' cash receipt from the loan, such interest is spread over the term of the loan and neither renders the interest charged in the first year of the loan usurious, nor does it, legally, reduce the principal amount borrowed.

It is only if the prepaid sums and the stipulated interest together exceed the lawful interest that the transaction is usurious. *Clarke v. Havard,* 111 Ga. 242, 251 (36 SE 837). Since plaintiffs did not allege that the $2,334, together with the stipulated 9.75 % interest on $56,000 over a 30-year period, exceeded the legal limits of interest chargeable, and since defendant showed that, in fact, the interest charged was within the range of lawful interest chargeable,

the trial court correctly granted defendant's motion to dismiss for failure to state a claim. See also *Harvard v. Davis,* 145 Ga. 580, 586 (89 SE 740), holding that the "mere fact that the lender deducted $80 in advance for his brokerage fee would not render the transaction usurious; for, when added to the interest agreed to be paid, the aggregate amount received and retained by the lender would not have exceeded the legal rate. . ."

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED APRIL 10, 1980 — DECIDED MAY 21, 1980 —

*Gregory C. Chastain, Roy E. Barnes,* for appellants.
*Paul H. Anderson, Jr., Paul H. Anderson,* for appellee.