36097. COBB BANK & TRUST COMPANY v. HENRY et al.

NICHOLS, Justice.

Certiorari was granted to review that portion of the opinion in *Henry v. Cobb Bank &c. Co.,* 151 Ga. App. 725 (261 SE2d 459) (1979), as adhered to in *Henry v. Cobb Bank &c. Co.,* 153 Ga. App. 224 (265 SE2d 377) (1980), holding that genuine issues of material fact remain as to the parties' intentions in making the non-negotiable promissory note and as to the purpose for which it was delivered.

The makers contend that their obligations under the note are conditioned by certain parol agreements with the payee. The payee transferred the note to the plaintiff bank as additional security for his pre-existing loans. The narrow question presented is whether or not evidence of these alleged conditions is admissible under the parol evidence rule.

The Court of Appeals relied for its holding upon the case of *Kelley v. Carson,* 120 Ga. App. 450 (171 SE2d 150) (1969), which dealt with the defense of conditional delivery. In *Kelley,* evidence was admitted during trial tending to show that the defendant gave a note to the plaintiffs pursuant to an agreement that it would not be used unless four other people put up a like amount, a condition precedent which did not occur. This evidence was held admissible and sufficient to support a judgment for the defendant. The defense of conditional delivery was explained by a quotation from 30 AmJur2d 172, § 1038, as follows: " 'It is now the general rule that parol evidence is admissible to show conditions precedent which relate to the delivery or the taking effect of a written instrument. Such evidence does not constitute an oral contradiction or variation of the written instrument, but goes to the very existence of the contract and tends to show that no valid and effective contract ever existed, at least not until the fulfilment of the condition.' " 120 Ga. App. at 453.

The same quoted authority formed the basis of the decisions in *Stembridge v. Simmons,* 143 Ga. App. 90 (237 SE2d 514) (1977), and *Haraka v. Datry,* 148 Ga. App. 642 (252 SE2d 71) (1979). In *Stembridge,* "Both sides of the suit agreed at trial that the note was conditional. Their differences centered around what the conditions were." 143 Ga. App. at 90. A conflict in the evidence about the

conditions was held to render a directed verdict inappropriate. In *Haraka,* the seller sued the purchaser for breach of a written contract for the sale of realty. The trial court admitted evidence tending to show that the purchaser told the seller's real estate agent that she did not have sufficient funds to cover her $10,000.00 earnest money check, and would not have the money unless she got an advance on her alimony payments from her former husband. The advance was not obtained and the purchaser stopped payment on her check. Admitting evidence of this condition and charging the jury on the issue of conditional delivery were held not to be error.

The doctrine of conditional delivery has been recognized and applied by this court. In *Moore v. Farmers' Mutual Ins. Assn.,* 107 Ga. 199 (33 SE 65) (1899), evidence was held to have been properly admitted which established that the policy of insurance, although issued to the claimant, was not to be valid as having been legally delivered until the claimant cancelled another insurance policy, a condition precedent which did not occur prior to loss. This court held that the evidence was not admitted for the purpose of contradicting or varying the written policy "but to prove a state of facts from which it would be manifest that no contract of insurance had ever been entered into between the parties." 107 Ga. at 200. The principle later was applied in *Georgia Cotton Growers Co-Operative Assn. v. Smith,* 163 Ga. 761 (137 SE 233) (1926). "It would be a fraud for the agent to obtain the defendant's signature and possession of the paper under promise to hold it and afford the defendant opportunity to read and take counsel as to its meaning, and to take back the paper if he did not like the contract, and then, without complying with such promise, forward it to the association to enable it to sign the paper and enforce it as a complete formal contract." 163 Ga. at 769.

In *Smith v. Ga. R. & Bkg. Co.,* 131 Ga. 470, 473 (62 SE 673) (1908), the doctrine of conditional delivery was put into proper perspective with the parol evidence rule as follows: "There is a clear distinction between giving to a person a paper to be delivered to another upon the fulfilment of some condition, and not otherwise, and the making of a written agreement, with a parol promise to give a counter-agreement changing or modifying its plain terms. In the one case, the theory is that the agreement has never been delivered in the legal sense. In the other it has been consummated, but with a parol agreement for the adding of other terms to the contract. An agreement of the latter character violates the rule against changing or supplementing a written agreement, which is complete on its face, by parol evidence."

The rule further was refined in *Smith v. Standard Oil Co.,* 227 Ga. 268 (180 SE2d 691) (1971), which held that evidence that the

option was conditionally delivered subject to the approval of the optionee's husband was inadmissible because this evidence was contrary to the recital of delivery in the option, and because there was no assertion that this condition had been omitted because of fraud, accident or mistake. The *Moore* case, supra, was distinguished on the ground that one does not contradict an instrument that does not recite its delivery by introducing evidence of its nondelivery. "Of course, if the condition precedent is inconsistent with, or contradictory to, the written instrument, parol evidence thereof is not admissible." 30 AmJur2d 173, Evidence, § 1038. "Where parties to a writing which purports to be an integration of a contract between them orally agree, before or contemporaneously with the making of the writing, that it shall not become binding until a future day or until the happening of a future event, the oral agreement is operative if there is nothing in the writing inconsistent therewith." Restatement of Contracts, § 241.

No contention of fraud, accident or mistake is made in the present case. Compare: *First Nat. Bank &c. Co. v. Thompson,* 240 Ga. 494 (241 SE2d 253) (1978). The makers first seek to introduce evidence, contrary to the express provisions of the note, to the effect that the interest provided in the note never was to be due and payable. This evidence would squarely contradict the interest terms of the note; hence, it is inadmissible. *Smith v. Standard Oil Co.,* supra. Next they seek to show that pursuant to an oral agreement with the payee entered into contemporaneously with execution of the note, no sum was to be due under the note unless the property was not foreclosed upon and unless they were able to sell the property for a sum in excess of the money invested. This evidence would contradict the unconditional promise to pay stated in the note by tending to show that the promise to pay really was intended to be conditional. Accordingly, the evidence was not admissible. *Byrd & Co. v. Marietta Fertilizer Co.,* 127 Ga. 30 (56 SE 86) (1906); *Area v. Cagle,* 148 Ga. App. 769 (252 SE2d 655) (1979).

The foregoing evidence was not offered for the purpose of proving that the note never took effect as a result of no delivery or because of the nonoccurrence of certain conditions precedent to its validity. Neither was it offered to prove an oral term or condition of an otherwise written contract, which oral term or condition was not inconsistent with or contradictory of any express provisions of the note. Rather, it was offered to contradict the interest payment terms of the note by showing that no interest ever was to be payable, and was offered to contradict the unconditional obligation to pay provisions by establishing that the obligation to pay was intended to be conditioned upon the nonoccurrence of foreclosure and the

occurrence of profit. Accordingly, the evidence was not admissible, and the ruling of the Court of Appeals is reversed insofar as it is based upon the admissibility of the foregoing evidence.

*Judgment reversed in part. All the Justices concur, except Marshall, J., who concurs in the judgment only.*

ARGUED JULY 7, 1980 — DECIDED SEPTEMBER 4, 1980.

*Matthew Patton, Alfred S. Lurey,* for appellant.
*Taylor W. Jones, Michael R. Uth,* for appellees.