## 61862. LYLE v. SOUTHERN FEDERAL SAVINGS & LOAN ASSOCIATION OF ATLANTA.

SHULMAN, Presiding Judge.

Plaintiff-appellant brought suit against defendant-appellee savings and loan association, alleging that defendant had violated the state usury laws in charging interest on plaintiff's real estate loan in excess of the 9% allowable when the loan was made in 1975.

The pertinent facts are as follows: On February 28, 1975, plaintiff executed a promissory note to defendant in the amount of $65,000, with interest on the unpaid balance at the rate of 8.75% per annum. Under the terms of the note, plaintiff was to repay the principal and interest accrued thereon "in consecutive monthly installments of . . . $512.00 on the 15th day of each month beginning April 15, 1975, until the entire indebtedness evidenced hereby is fully paid, except that any remaining indebtedness, if not sooner paid, shall be due and payable on the 15th day of March, 2005." The note executed by plaintiff and defendant contained no provision as to the computation of interest; however, upon execution of the note, plaintiff was orally informed of the method used by defendant to calculate interest on the loan. At that time, plaintiff also received from defendant's representative a "Letter of Account" (hereinafter "letter") printed on defendant's letterhead, which embodied defendant's oral representations regarding interest computations as follows: "Interest on this loan is figured . . . on the first of each month. At that time the monthly interest amount is added to the loan balance." Using this method, defendant added two interest charges to plaintiff's account (March 1 and April 1) before the first payment from plaintiff was due (April 15). Plaintiff made 33 monthly installments of $512 each, and retired the balance of the note, $64,021.91, in December 1977.

The trial court granted defendant's motion for summary judgment, concluding that, while the letter was part of the contract, it did not render the contract usurious. However, the trial court determined that defendant had charged and received excessive interest while the loan was outstanding, and ordered defendant to refund the excess ($110) to plaintiff. From this ruling, plaintiff appeals. We reverse.

1. The trial court was correct when it found the Letter of Account to be part of the contract. Although no manual signature was on the letter, it was printed on defendant's letterhead and had defendant's name and address printed in place of a manual signature. A printed signature on a writing is sufficient. See *Katz v. Teicher,* 98 Ga. App. 842 (3,4) (107 SE2d 250). Furthermore, depending on the intent of the party, authentication of a document may be found in the letterhead. See *Kohlmeyer & Co. v. Bowen,* 126 Ga. App. 700 (2) (192 SE2d 400). By adding details pertinent to this loan (the loan number, the amount of the monthly payment, and the due date of the first payment) on its form letter printed on its letterhead, and giving the letter to plaintiff after orally notifying him of the terms it contained, defendant adopted its printed name with the present intent to authenticate the writing. Id. Since the contract was "signed" by defendant and accepted by plaintiff, plaintiff's signature was not essential to the validity of the contract. *Aspironal Laboratories v. Rosenblatt,* 34 Ga. App. 255 (3) (129 SE 140). Additionally, defendant required plaintiff to pay an amount ascertained by use of the interest computational method contained in the letter when plaintiff retired the debt. Having used the method contained in the letter, defendant is now estopped from denying that it is part of the contract.

2. Apparently believing this to be a proper case for the application of the rules of contract construction, the trial court looked to the intent of the parties and determined that they intended to enter into a contract in which plaintiff agreed to repay the $65,000 loan at 8.75% per annum in 360 equal installments of $512 each. Judicial construction of a contract is necessary only when the terms of the contract are ambiguous or inconsistent. "Thus no construction is required or even permissible when the language employed by the parties in their contract is plain, unambiguous, and capable of only one reasonable interpretation. In such instances, the language used must be afforded its literal meaning and plain ordinary words given their usual significance. [Cit.]" *R. S. Helms, Inc. v. GST Development Co.,* 135 Ga. App. 845, 848 (219 SE2d 458). The terms of the note in the present case are not ambiguous, and the inclusion of the terms of the letter as part of the contract did not render them so.

The note required plaintiff to remit $512 per month for 29 years and 11 months and, in a final payment due March 15, 2005, to remit the remaining unpaid balance. As the language used by the parties is plain and unambiguous, the trial court erred in resorting to rules of construction. See *White v. Chapman,* 149 Ga. App. 409 (1) (254 SE2d 434).

3. We must now determine whether the contract executed by the parties was usurious. At the time this loan was made, Code Ann. § 57-101.1 set the legal limit on interest chargeable on real estate loans at 9%. Thus, the highest legal amount chargeable as interest on the loan was $123,287.82 ($65,000 amortized at 9% over a 30-year period). Plaintiff maintains that the contract is usurious because it obligated him to pay $124,677 in interest, well above the legal interest ceiling allowed at that time. We agree that the interest charged was above the legal ceiling.

As mentioned above, the note required 359 payments of $512 each and one final payment for "any remaining indebtedness" owed defendant by plaintiff. Pursuant to the letter, defendant charged interest to plaintiff's account twice prior to the due date of plaintiff's first payment on the loan. Accordingly, plaintiff owed $65,951.36 before he made his first payment, and a balloon payment of $5,868.82 would have been due after 359 payments of $512. The interest charged under this repayment schedule would have amounted to $124,677, $1,389.18 more than the legal interest ceiling. We note that defendant also charged plaintiff an initial service charge of $1,517.16 which can also be construed as interest. See *Scheil v. Ga. Fed. Sav. &c. Assn.,* 154 Ga. App. 714 (269 SE2d 881). Thus, the third element of a usurious transaction "that for such loan . . . a greater profit than is authorized by law shall be paid or is agreed to be paid" is present in the instant case. *Bank of Lumpkin v. Farmers State Bank,* 161 Ga. 801, 810 (132 SE 221).

4. In addition to charging a higher sum of interest for the use of money than that allowed by law, the lender must have the intent to do so before the contract can be found to be usurious. *Holt v. Rickett,* 143 Ga. App. 337 (3) (238 SE2d 706). While intent may be implied when all the other essential elements of usury are expressed upon the face of the contract, "where there is doubt as to the intent, it is not a matter for the court to decide." *Bank of Lumpkin,* supra, p. 815. Inasmuch as the record before us reflects such a doubt, an award of summary judgment to either party was inappropriate.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 10, 1981 —
REHEARING DENIED OCTOBER 28, 1981 —

*Harry W. Pettigrew,* for appellant.
*Alton H. Hopkins, Kirk W. Watkins,* for appellee.