75519. WIEDERHOLD v. PRIME BUILDERS.
(366 SE2d 383)

BENHAM, Judge.

Appellant contracted with appellee for the latter to build a shopping center. As part of the process in obtaining permanent financing for the venture, appellant made a partial payment of money owed to appellee and signed a promissory note to the effect that in consideration of the delay in appellant's payment of the additional funds owed to appellee for services appellee had already provided, and of appellee's dismissal of its mechanic's lien action, appellant unconditionally promised to pay appellee $27,229.41 on or before September 30, 1986. Appellant failed to make the payment as agreed, and appellee filed suit on the note. Appellant answered the complaint and counterclaimed against appellee, contending that the payment was conditioned upon appellee completing certain items on a "punch list," and that those items had not been completed. After discovery, appellee moved for summary judgment, its position being that the note evinced appellant's unconditional promise to pay, thus rendering inadmissible any evidence appellant would introduce to show that the parties allegedly agreed to the condition precedent he claims existed. The trial court granted appellee's motion for summary judgment, and appellant brings this appeal. We affirm.

1. Appellant contends that the trial court erred in finding that no genuine issue of material fact exists and, by implication, holding that parol evidence was not admissible to show the alleged condition precedent and the failure of appellee to satisfy the condition. We disagree. In his deposition appellant admitted that he signed the document, that the terms of the note were not conditional, and that the note did not tie the punch list items to it. To include the completion of the punch list items as a condition precedent to the payment on the note would be to contradict the terms of the note which is unconditional on its face. "Parol contemporaneous evidence is generally inadmissible to contradict or vary the terms of a valid written instrument." OCGA § 24-6-1. "[T]he unconditional promise to pay contained in the . . . promissory [note] may not be modified by the imposition of conditions not apparent on the face of the [note]. [Cits.]" *Hyman v. Horwitz*, 148 Ga. App. 647, 649 (252 SE2d 74) (1979).

Thus, the trial court did not err in granting summary judgment to appellee. Id. Appellant's reliance on *Haraka v. Datry*, 148 Ga. App. 642 (252 SE2d 71) (1979), is misplaced. In that case, the parol evidence sought to be introduced was admissible because it "[did] not constitute an oral contradiction or variation of the written instrument, but [went] to the very existence of the contract and tend[ed] to show that no valid and effective contract ever existed, at least not until the fulfillment of the condition. [Cits.]" Id. at 644. In *Haraka*, there was no attempt to alter the terms of the written contract, unlike the case before us. Appellant's reliance on *Stembridge v. Simmons*, 143 Ga. App. 90 (237 SE2d 514) (1977), likewise is misplaced. In *Stembridge*, the parol evidence was admissible for the same reason as in *Haraka*. Moreover, in *Stembridge*, "[b]oth sides . . . agreed at trial that the note was conditional," and in *Haraka*, both sides knew that the condition precedent related directly to the delivery or taking effect of the written instrument, whereas in appellant's case, there was no such agreement or proof of knowledge.

2. Appellant also contends that the trial court implicitly decided that the parties had reached an accord and satisfaction, and that that conclusion was an erroneous one. "Accord and satisfaction occurs where the parties to an agreement, by a subsequent agreement, have satisfied the former agreement, and the latter agreement has been executed. The execution of a new agreement may itself amount to a satisfaction of the former agreement, where it is so expressly agreed by the parties; and, without such agreement, if the new promise is founded on a new consideration, the taking of it is a satisfaction of the former agreement." OCGA § 13-4-101. " 'If the contract is of such a nature as to give rise to separate and distinct demands or to create a number of separate obligations and cross-obligations, and a number of distinct breaches as to these separate obligations occur, the parties may make an accord and satisfaction, or what in law amounts to an accord and satisfaction, as to one or more of these demands, without affecting the others.' [Cits.]" *State Farm &c. Ins. Co. v. Fordham*, 148 Ga. App. 48 (2) (250 SE2d 843). While there may not have been an accord and satisfaction reached as to completion of the punch list items, there was, by the terms of the note, an agreement reached by the parties regarding the amount of money appellant owed appellee for the work it had already completed and when that money was to be paid. Appellant admitted that he owed appellee $65,000, and that he paid $38,000 and signed the note for the balance due for the work done as of June 18, 1986. Appellee agreed to dismiss its mechanic's lien action, and to accept the payment later than initially promised in exchange for appellant's unconditional promise to pay by September 30, 1986. Therefore, as to the financial portion of the agreement, there was an accord and satisfaction. Id. However, appellant is not pre-

cluded from pursuing his counterclaim for the work he claims was not completed, as the trial court was not asked to nor did it grant summary judgment as to appellant's counterclaim for that alleged breach of contract.

3. For the reasons discussed in Divisions 1 and 2 of this opinion, we disagree with appellant's final contention that there exists an issue of material fact after all doubts and inferences to be drawn have been resolved in appellant's favor. The trial court did not err in granting appellee's motion for summary judgment.

*Judgment affirmed. Banke, P. J., and Pope, J., concur. Carley, J., disqualified.*

DECIDED FEBRUARY 24, 1988.

*Douglas L. Cronkright*, for appellant.
*John D. Marshall, Jr.*, for appellee.