## A89A2259. PETREY v. BRINSFIELD.
(392 SE2d 51)

COOPER, Judge.

This action arises from appellant's failure to pay a promissory note executed by appellant and her then husband, in favor of appellee.

Appellee gave a check for $10,000 to appellant's husband in exchange for a promissory note signed by appellant and her husband. The note provided for interest to be paid at the rate of 12 percent per annum and was due on July 25, 1988. After making several interest payments on the loan, appellant's husband filed for bankruptcy and the debt was discharged as to him. However, subsequent to his discharge but prior to his divorce from appellant, appellant's husband did yard work for appellee, who credited the note accordingly. The loan being unpaid when the note became due, appellee sued appellant on the note. Both parties filed motions for summary judgment, and the trial court granted appellee's motion and denied appellant's.

1. Appellant first enumerates as error the trial court's denial of her motion for summary judgment. Having withdrawn her claim of error based on lack of notice of dishonor, we address appellant's con-

tention that the note is unenforceable because it is incomplete. The note, signed by appellant and her husband, is an unconditional promise to pay Sara Brinsfield $10,000, with interest at 12 percent per annum, the same being due on July 25, 1988. The makers of the note, the payee, and the due date appearing on the face of the note, we find no uncertainty or vagueness in the note or the obligations created thereby. Further, the absence of any installment due dates or amounts due on installments merely created a demand note for the face amount of the note. *Mock v. Canterbury Realty Co.*, 152 Ga. App. 872, 881 (264 SE2d 489) (1980). Thus, we find no merit to appellant's argument that the note is incomplete.

Appellant's contention that her motion for summary judgment should have been granted because appellee's response to her motion was procedurally defective is likewise without merit. "There is no such thing as a 'default summary judgment.'" *McGivern v. First Capital Income Properties*, 188 Ga. App. 716 (1) (373 SE2d 817) (1988). Furthermore, " '[a] motion for summary judgment should not be granted unless it affirmatively appears from the pleadings that the party so moving is entitled to prevail.' [Cits.]" *McGivern*, supra at 717. Appellant having failed to show that she was not obligated on the note she signed, we find no error in the trial court's denial of her motion for summary judgment.

2. Appellant alleges error with the trial court's grant of summary judgment to appellee. Having discussed appellant's argument regarding the completeness of the note in Division 1, we turn to her argument that a factual issue exists as to the capacity in which she signed the note. Appellant submitted evidence that she signed the note at her husband's request to insure that if he died the note would be paid out of his estate. Appellant maintains, however, that she was not promising to repay the debt in the event that her husband did not. Appellee, however, testified in her deposition that she would not loan appellant's husband the $10,000 unless appellant also signed the note. It appears that there is no dispute as to the fact that appellant signed as an accommodation party. Therefore, " '[her] liability is determined by the capacity in which [she] signed [the] note as shown on the instrument. [Cit.]' " *Smith v. Singleton*, 124 Ga. App. 394 (2) (184 SE2d 26) (1971). Appellant signed the note directly under her husband's signature as a co-maker with no indication that she was signing in a capacity other than as a maker. Thus, there was no question of material fact for jury resolution and summary judgment was properly granted to appellee. See *Brice v. Northwest Ga. Bank*, 186 Ga. App. 871, 872 (368 SE2d 816) (1988).

Appellant's contention that she was released because of a novation of the note is without merit. "A novation is a complete contract in itself and has four essential elements: (1) a previous valid obliga-

tion, (2) the agreement of all the parties to the new contract, (3) the extinguishment of the old contract, (4) the validity of the new one. [Cits.]" *Franchise Enterprises v. Ridgeway*, 157 Ga. App. 458 (1) (278 SE2d 33) (1981). Inasmuch as the record discloses that only the first element is present, appellant's contention is without merit. Appellee's subsequent credit to the note because of yard work done by appellant's husband, who had been released from his obligation to repay the loan because of his bankruptcy discharge, did not amount to a novation of the note.

Appellant argues that the trial court erred in granting summary judgment to appellee before ruling on appellee's motion for protective order. Appellant also finds error with the trial court's ruling because appellee's motion for summary judgment was procedurally defective. We disagree. Appellee having established a prima facie right to recover on the note, and appellant not having established a legally sufficient defense, the trial court did not err in granting summary judgment to appellee. " ' "The essence of a motion for summary judgment is that there is no genuine issue of material fact to be resolved by the trier of facts, and that the movant is entitled to judgment on the law applicable to the established facts." ' [Cits.]" *Anderson v. Hendrix*, 175 Ga. App. 720 (2) (334 SE2d 697) (1985).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED MARCH 14, 1990.

*Long, Aldridge & Norman, Edward A. Kazmarek*, for appellant.
*Zachary & Seagraves, William E. Zachary, Sr.*, for appellee.

