## A97A1097. EAKIN v. MEIGHEN.
(491 SE2d 402)

RUFFIN, Judge.

Michael Eakin appeals the trial court's grant of summary judgment to Joseph Meighen, by which it ordered Eakin and two other defendants to pay Meighen $40,000 pursuant to two contracts. For reasons which follow, we find Eakin's appeal has no merit, affirm the

judgment, and sanction Eakin's attorneys for filing this frivolous appeal.

It appears that Eakin was president of Truck Alignment Corporation of America ("TACA"), a business organized to purchase the truck alignment division of Goodyear Tire & Rubber Company. On March 27, 1992, Eakin and John Bojo (TACA's chief financial officer), individually and on behalf of TACA, signed an agreement with "investor" Meighen. The document recited that Meighen "agrees to provide additional funding . . . to TACA in the amount of $35,000. In accepting these funds, TACA, John Bojo and Mr. Eakin do hereby guarantee, both corporately and individually, jointly and severally, to repay Joseph Meighen $56,000 by April 10, 1992." The document went on to provide that these funds would be placed "in escrow . . . to be released only after . . . [a bond is approved for the company and] TACA receives their [sic] $2,500,000 of financing. At no time will this $35,000 be at risk. If problems arise from any direction the $35,000 will be returned in full to Joseph Meighen by April 10, 1992." Another section of the agreement, bearing the subheading *Following Conditions*," states: "1) This $35,000 is being invested only on the fact that the $56,000 will be returned to Joseph F. Meighen no later than April 10, 1992. *Even if TACA does not receive the new bond or $2,500,000 funding by April 10, 1992, the $35,000 must be returned. A penalty of $500 per day will be assessed each and every day this is not complied with.* 2) At no time is this $35,000 at risk, nor will it be released for any reason before the $2,500,000 is received by TACA." (Emphasis in original.)

Eakin and Bojo signed another agreement with Meighen on May 3, 1992. Similar to the first, this document provided that Meighen would supply TACA $5,000 in "additional funding." TACA, Eakin, and Bojo agreed to repay Meighen $10,000 "immediately following the closing of TACA's financing with [a named lender]." The document further provided, "[t]his $5,000 contracted herein will be added to the previous contracted funds and have the same first lien position on the TACA unencumbered escrow funds being held at Goodyear. TACA and Mike Eakin agree to release the Goodyear escrow funds by May 16, 1992 to repay Meighen his $5,000, if financing has not been secured. A penalty of $250 per day will accumulate each and every day after May 15, 1992 that the $5,000 is not returned. If the financing . . . is not completed by April 30, 1992, TACA and Mike Eakin agree to release the escrow funds . . . to pay Joseph F. Meighen the $35,000 of principle [sic] loaned on the 3-27-92 contract." A "condition" included in this second contract provided: "The $5,000 is being invested on the basis that $10,000 will be paid to Meighen if TACA obtains financing. . . . Even if TACA does not receive financing the $5,000 must be returned by 5-15-92."

TACA never acquired Goodyear's truck alignment division and ceased doing business. Eakin testified by affidavit that TACA obtained over $366,000 in funding from outside sources. Meighen brought the present suit and, in his verified complaint, sought to recover the $40,000 "loaned" to TACA, Eakin, and Bojo, as well as the expected returns specified in the contract.

The trial court found these documents contained "unconditional obligations" that required TACA, Eakin, and Bojo to repay Meighen the principal amounts of $35,000 and $5,000. Ruling that the expected profit constituted "interest" on these obligations, the trial court found these amounts usurious and denied Meighen's claim for prejudgment interest and attorney fees. Eakin appeals, claiming a jury question exists as to whether the $40,000 was "loaned" or "invested."

In reviewing the grant of a motion for summary judgment, we review the record de novo under the standards set forth in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991) to determine whether the movant was entitled to judgment as a matter of law. Although genuine questions regarding material facts will prevent summary judgment, immaterial disputes of fact do not create a jury question. See *Cambridge Mut. Fire Ins. Co. v. Okonkwo*, 218 Ga. App. 59, 61 (1) (460 SE2d 302) (1995). Because it makes no difference in this case whether Meighen "invested" or "loaned" the $40,000, we find no issue of fact requiring resolution by a jury.

These agreements are terribly vague, rambling, and confusing, but review of the documents makes one thing clear: TACA, Eakin, and Bojo were absolutely obligated to repay *at least* Meighen's principal "investment" whether or not the plan to purchase the tire alignment business was successful. In both documents, Eakin and the other defendants *guaranteed* Meighen that he would receive an incredible return on his investment and, *at a minimum*, would get back the $40,000. The trial court did not err by granting Meighen summary judgment for the principal amounts specified in the agreements. These unconditional promises, by any name, warranted the trial court's result. See *Petrey v. Brinsfield*, 194 Ga. App. 863, 864 (2) (392 SE2d 51) (1990); *Wiederhold v. Prime Builders*, 186 Ga. App. 46 (1) (366 SE2d 383) (1988).

We also find Eakin's arguments on appeal spurious and specious. He suggests that because Meighen was an "investor," a jury question exists as to whether he expected the return of his principal or assumed the risk of its loss. Considering the numerous guarantees, conditions, and promises Eakin made Meighen that his money would be returned, such an argument is patently meritless. Under the circumstances, Eakin's attorneys could not reasonably have believed that this appeal would result in a reversal of the trial court's deci-

sion. Therefore, we assess a $500 frivolous appeal penalty pursuant to Court of Appeals Rule 15 (b). On remittitur, the trial court shall enter judgment in favor of Meighen against Edwin L. Hamilton, William R. Youngblood and the law firm of Chambers, Mabry, McClelland & Brooks, LLP, in the amount of $500. See *Revels v. Wimberly*, 223 Ga. App. 407, 409 (3) (477 SE2d 672) (1996).

*Judgment affirmed with direction. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 7, 1997 —
RECONSIDERATION DENIED AUGUST 20, 1997.

*Chambers, Mabry, McClelland & Brooks, Edwin L. Hamilton, William R. Youngblood,* for appellant.

*Deming, Parker, Hoffman, Green & Campbell, Dan R. Gresham,* for appellee.