A99A0286. VERRET v. ABB POWER T & D COMPANY, INC.
(515 SE2d 435)

Judge Harold R. Banke.

Phil Verret sued ABB Power T & D Company, Inc. ("ABB") for allegedly breaching his severance pay contract. Verret appeals the trial court's grant of ABB's motion for summary judgment and the denial of his motion for the same.

The underlying case emanated from a conflicting interpretation of the parties' separation agreement. After ABB terminated Verret for unsatisfactory performance, ABB and Verret negotiated a settlement package. It is undisputed that the agreement between Verret and ABB consisted of a cover page followed by ten pages, a total of eleven consecutively numbered pages. The cover page, dated and initialed by Verret, provides in pertinent part,

[c]onfirming our conversation of 8/25/95, you [Verret] are being offered a separation package the terms of which are contained in the portions of this communication entitled, "Settlement Agreement Between Phil Verret and ABB Power T&D Company Inc. and Release of Age Discrimination Claims," and entitled "Settlement Agreement Between [same parties] For Non-Age Employment Law Claims," both of which appear below. To accept this separation package, you must sign both of these agreements simultaneously.

It is undisputed that Verret signed both releases on August 29.

Both the Settlement Agreement and Release of Age Discrimination Claims and Settlement Agreement for Non-Age Employment Law Claims provide in pertinent part that ABB "agrees to pay Mr. Verret the sum of 31 additional weeks pay with medical and dental coverage beginning October 1, 1995 and ending May 3, 1996, in exchange for the release of claims described [above]."

Although the agreement afforded Verret only seven days to revoke or cancel, in a letter dated September 6, 1995, Verret's counsel wrote ABB as follows: "[w]ith this letter, Mr. Verret wishes to formally accept the two separation agreements offered to and signed by him on August 29, 1995."[1] The letter then proceeded to claim Verret's entitlement to 62 weeks of benefits. The parties dispute whether Verret's counsel subsequently orally confirmed with ABB that Verret's benefits would only consist of 31 weeks.

In suing ABB, Verret contended that the settlement package was actually two distinct contracts each of which provided for a separate 31 weeks of severance pay for a total of 62 weeks of benefits. ABB countered that Verret was attempting to obtain double benefits since the document embodied only one agreement providing for a total of 31 weeks of post-employment benefits.

After examining the document at issue, the trial court found that the separation package constituted a single settlement agreement in which Verret unambiguously agreed to release his potential age discrimination and non-age discrimination employment claims in exchange for a total of 31 weeks of severance pay. Determining that there was only one binding unambiguous contract which was capable of only one reasonable interpretation, the court held that ABB was entitled to judgment as a matter of law. *Held*:

1. Verret contends that the trial court erred by finding that the settlement agreement was not ambiguous in light of his understanding of the meaning of its terms.

The construction of a contract is a question of law for the trial court unless ambiguity remains after the court applies the rules of contract construction. OCGA § 13-2-1. Ambiguity means duplicity, indistinctness, or uncertainty of meaning or expression. *Bumgarner v. Green*, 227 Ga. App. 156, 159 (1) (489 SE2d 43) (1997). A word or phrase is ambiguous when it is of uncertain meaning and may fairly be understood in more ways than one. *Kusuma v. Metametrix, Inc.*, 191 Ga. App. 255, 256 (2) (381 SE2d 322) (1989).

Here, the terms of the settlement are not ambiguous. *Cassville-*

---

[1] The agreement provides: "I HAVE SEVEN (7) DAYS FOLLOWING MY SIGNATURE ON THIS SETTLEMENT AND RELEASE TO REVOKE OR CANCEL IT."

*White Assoc. v. Bartow Assoc.*, 150 Ga. App. 561, 564 (3) (a) (258 SE2d 175) (1979) (whether ambiguity exists in a contract is a legal question). The agreement specifies that in order to be accepted by ABB, Verret had to execute both releases simultaneously which he admittedly did. The benefit period is expressly set forth as 31 weeks "beginning October 1, 1995 and ending May 3, 1996." Nowhere in the agreement is 62 weeks of benefits even mentioned.

Notwithstanding Verret's claim to the contrary, where the terms of a written contract are clear and unambiguous, the court cannot go beyond the contract itself and must confine itself to the contract alone to find the parties' intent. *Park 'N Go &c. v. U. S. Fidelity &c. Co.*, 266 Ga. 787, 791 (471 SE2d 500) (1996); *Thomas v. Am. Global Ins. Co.*, 229 Ga. App. 107, 108 (2) (a) (493 SE2d 12) (1997). The letter from Verret's counsel, dated after the seven day period afforded to Verret to revoke or cancel the separation package, cannot be used to create ambiguity or to concoct new terms. Compare *Salvatori Corp. v. Rubin*, 159 Ga. App. 369, 373 (3) (283 SE2d 326) (1981). Had the letter been sent contemporaneously with the executed documents, it might have indicated there was no meeting of the minds, but such is not the case. See id.]

2. Verret asserts that the trial court erred by failing to find that the settlement agreement consisted of two separate contracts. We disagree.

Where contract terms are plain and unambiguous, as here, judicial construction which would alter the express terms is inappropriate. *Lyle v. Southern Fed. Sav. &c.*, 160 Ga. App. 196, 197 (2) (286 SE2d 438) (1981) (overruled on other grounds, *Southern Fed. Sav. &c. v. Lyle*, 249 Ga. 284 (290 SE2d 455) (1982)).

Finally, although we have found no merit to this appeal, we decline ABB's request for sanctions under Court of Appeals Rules 15 (b) and 7. Compare *Eakin v. Meighen*, 228 Ga. App. 190, 192-193 (491 SE2d 402) (1997).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 2, 1999.

*Crain & Davis, Michael O. Crain, William C. Bushnell*, for appellant.

*Littler Mendelson, Charles K. Howard, Jr., Jill W. Richburg*, for appellee.