48323. LESTER COLODNY CONSTRUCTION COMPANY, INC.
v. ALLEN.

STOLZ, Judge. In this action by a painting subcontractor to foreclose a laborer's and materialman's lien against a contractor, the trial judge, as the trior of fact, found that the parties' contract was vague, indefinite and ambiguous; that the reasonable value of services rendered by the plaintiff is $8,475.56; that the defendant had refused to pay the plaintiff's demand for this sum; and that the lien filed by the plaintiff does not describe the property upon which the work was done. Judgment was entered for the plaintiff in the above amount plus interest and costs, from which the defendant appeals. *Held:*

"'Where the trial judge, sitting as the trior of the facts, hears the evidence, his finding based upon conflicting evidence is analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. [Cits.]' *West v. West,* 228 Ga. 397 (1) (185 SE2d 763)." *Thompson v. Maslia,* 127 Ga. App. 758 (4) (195 SE2d 238).

The judgment was supported by evidence that the plaintiff had performed in a workmanlike manner all of the services stipulated by both the contract and a supplemental "change order agreement" authorized by the defendant's agent, except for painting one room, the $60 reasonable value of which was deducted by the trial judge in his judgment from the balance admittedly due the plaintiff as indicated by a written accounting, furnished to the plaintiff by the defendant, which ratified the

change order agreement by including the balance due thereunder. The amount of the judgment was properly determined without reference to a 5% deduction which would have been applicable had the plaintiff failed to furnish the defendant a certificate of insurance, which the evidence shows he did furnish. The admission, over objection, of the defendant's president's testimony as to liens filed by others against the project, if error, was not reversible error. " '. . . [S]ince this case was tried without a jury, the trial judge has a much broader discretion in the admission of evidence since it is presumed that in his consideration of the evidence he sifted the wheat from the chaff and selected the legal testimony. Thus, his judgment will not be reversed where there is any legal evidence to support the finding.' *Dowling v. Jones-Logan Co., Inc.,* 123 Ga. App. 380, 382 (181 SE2d 75) and cit." *Atlas Supply Co. v. U. S. F. & G. Co.,* 126 Ga. App. 483, 485 (191 SE2d 103).

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*
SUBMITTED JUNE 28, 1973 — DECIDED SEPTEMBER 4, 1973.

*Dunaway, Shelfer, Haas & Newberry, Hugh F. Newberry,* for appellant.
*Philip T. Keen,* for appellee.