59066. COMMERCIAL CREDIT EQUIPMENT CORPORATION
v. BATES et al.
59104. BATES v. COMMERCIAL CREDIT EQUIPMENT
CORPORATION et al.

BIRDSONG, Judge.

UCC. These are appeals to resolve the dispute among Bates, who bought a tractor from Faircloth International, Inc. (the dealer) in Bainbridge, Georgia; Commercial Credit Equipment Corp. (CCEC), who held by purchase security agreement with Bates, a perfected security interest in the tractor; and McKinnon, who later bought the same tractor from the dealer without knowledge of its prior sale and security interest.

The evidence adduced for purpose of proceeding by petition for writ of possession by CCEC shows that Phil Anderson, who was an

employee of the dealer, Faircloth International, but who also apparently had other business interests, approached Bates at Bates' construction office to sell Bates a certain tractor, valued at approximately $30,000. Bates bought the tractor in October, 1978, from Faircloth International and gave the dealer a security interest which was assigned by the dealer to CCEC. Bates had no immediate use for the tractor, and agreed to lease it to Anderson at $1,000 per month for use in Anderson's pond-digging business. Subsequently, Bates on occasion saw the tractor parked at Anderson's service station, but in January, 1979, when CCEC proposed to do an inventory and asked about the tractor's whereabouts, Bates discovered that Anderson did not have it. Bates, after the sale, had not seen his tractor at the dealership, and there is nothing in the record of the appeal of the writ of possession that he knew or had reason to know Anderson would return the tractor to the dealer. The evidence shows that Anderson lent the tractor as a personal favor to Kenneth Faircloth to do some dirt-moving work at the dealership, and that Kenneth Faircloth subsequently "borrowed" the tractor a second time without Anderson's knowledge. The last time Anderson saw the tractor, it was at the dealership.

On December 20, 1978, one George McKinnon from Douglas, having urgent need of a particular model tractor, went to the dealer. Bates' tractor was on the lot, and Faircloth sold it to McKinnon. McKinnon bought it as a new tractor, after examining the serial number, and paid the purchase price by check. McKinnon had no knowledge that the tractor was one previously sold to, and now owned by another person; he had no knowledge of CCEC's perfected security interest in it.

On January 26, 1979, CCEC filed a petition for writ of possession against Bates and McKinnon. Bates then admitted being in default and waived in writing all his rights to notice of seizure by CCEC, and consented to immediate issuance of a writ of possession in CCEC's favor; but he averred that the tractor was not in his possession but was in McKinnon's. McKinnon counterclaimed against Bates, Anderson, Faircloth, the dealer, and CCEC for fraud, collusion, and misrepresentation; and filed a motion for partial summary judgment on the issues of title and possession of the tractor. In August, 1979, the trial court granted partial summary judgment to McKinnon, "it appearing to the Court that there is no genuine issue as to any material facts as to the Writ of Possession and that . . . McKinnon is entitled to a judgment on said Writ . . . as a matter of law and without ruling on . . . McKinnon's Counterclaim against the Plaintiff [CCEC]. . . Partial

Summary Judgment is granted . . .[to] George L. McKinnon against [CCEC] and against Co-Defendant Kermit F. Bates, Jr., as to all their right, title and interest in and to the Model 1086 International Harvester Diesel Tractor. . . ."

By separate appeals, Bates and CCEC challenge the judgment below. *Held:*

# I
## *CCEC's Security Interest*

A. In the matter of CCEC's appeal, McKinnon avers that under Code § 2-403(2) and (3) of the Uniform Commercial Code, Code Title 109A, Bates "entrusted" the tractor to Anderson, the employee of the dealer, and that McKinnon, as a buyer in the ordinary course (see Code § 109A-1—201(9)) takes clear title and possession of the tractor (see, generally, *Simson v. Moon,* 137 Ga. App. 82 (222 SE2d 873)). Bates and CCEC contend that Bates did not entrust the tractor to the dealer, but entrusted it to Anderson in his private capacity as a pond-digger, without knowledge that it would find its way back to the dealer, and that therefore Bates did not entrust "possession of [the] goods to a merchant who deals in goods of that kind. . . " (Code § 109A-2—403(2)). We have considered all arguments on this point in detail, and as to the issues of CCEC's security interests, we find it unnecessary to determine whether Bates entrusted the tractor to Anderson individually, to the dealer, or to Anderson as an agent of the dealer. The language of Code § 109A-2—403(2) and (3) is quite clear: actual entrustment to the merchant, or dealer, gives the power to transfer *"all rights of the entruster"* to a buyer in the ordinary course of business. At best, and accepting all of McKinnon's legal and factual arguments on the issues of entrustment which he contends would give him good title as a good faith purchaser in the ordinary course of business (*Simson,* supra, pp. 83-85), the dealer had power to transfer only "the rights of the entruster." In this case, Bates' rights in the property stopped where CCEC's right as secured party began. In other words, if we assume entrustment, the transaction gave the defendant, McKinnon, the same rights and title as Bates possessed, i.e., subject to the security interest of CCEC. See, Adams v. City Nat. Bank &c. of Norman, Okla., Okla. Sup. Ct. (1977), 48 Okla. Bar J. 1389 (21 UCC Rep. 1026). The defendant purchaser in the Adams case, just cited, relied on Medico Leasing Co. v. Smith, 457 P2d 548 (Okla. 1969), to support his claim to clear title and possession of an automobile; but the Adams court in reviewing the Medico case stated, "the owner who entrusted the car to the dealer had good title, unencumbered by

a security interest. Consequently, the buyer received 'all rights of the entruster,' which was an unencumbered title." The same is true in our cases which have given title to the buyer in the ordinary course of business; in both *Simson,* supra, and *Rockwin Corp. v. Kincaid,* 124 Ga. App. 570 (184 SE2d 509), there were apparently no secured creditors of the entrusters and the title disputes were solely between the entrusters and the subsequent purchasers. A different interpretation of Code § 109A-2—403(2) and (3) as to whether an entruster can empower a dealer to transfer rights of the secured creditor in the goods, would contravene Code § 109A-9—306(2); which provides: "Except where this Article otherwise provides, a security interest continues in collateral notwithstanding sale, exchange, or other disposition thereof unless the disposition was authorized by the secured party . . . and also continues in any identifiable proceeds . . ." Code § 109A-2—403(2) and (3) is a precisely limited exception to the common law rule that the seller can convey no greater title than he has himself (*Simson,* supra, pp. 85-86). The enactment states specifically that what is transferred is "all the rights of the entruster"; it does not give transfer of "good title and possession," and it certainly does not give transfer of the rights of secured parties. The statute itself therefore does not, expressly or even impliedly, abrogate the clear intent of Code § 109A-9—306(1), providing for the continuation of CCEC's perfected security interest.

B. Neither can McKinnon prevail against the security interests of CCEC on the theory that, under Code § 109A-9 — 307(1), as "[a] buyer in the ordinary course of business . . . [he] takes free of a security interest created by his seller." The security interest in this case was created not by McKinnon's seller, Faircloth International, but by Bates, the original purchaser. Code § 109A-9—307(1) is intended to protect buyers in the ordinary course from the lien claims of creditors who have financed "floor-plan" (inventory) arrangements for the dealer. See *Rome Bank & Trust Co. v. Bradshaw,* 143 Ga. App. 152, 156 (237 SE2d 612); *First Nat. Bank & Trust Co. v. Smithloff,* 119 Ga. App. 284, 287 (167 SE2d 190). The guiding principle in UCC § 9-307 (1) is to protect a buyer in the ordinary course of business from a dealer against reservation of title or other hidden interests in goods. See Correria v. Orlando Bank & Trust Co., 235 S2d 20. We find this intent to be clearly evinced in the statute itself, for a buyer in the ordinary course is protected from "a security interest created by his seller. . . *even though the buyer knows of its existence"* (Code § 109A-9—307(1)). McKinnon does not take free of CCEC's security interest in this case; it was not a security interest created by his seller, the dealer,

and was not of the class of liens from which the Code section intends to protect a buyer in the ordinary course of business. See, generally, Correria, supra; Security Pacific Nat. Bank v. Goodman, 24 Cal. App. 3d 131 (100 Cal. Rptr. 763); National Shawmut Bank of Boston v. Jones, 236 A2d 484, 4 UCC 1021.

The judgment of the trial court insofar as it gives judgment as a matter of law to McKinnon on the writ of possession filed by CCEC, and grants summary judgment in favor of McKinnon as against CCEC as to all its right, title and interest in the tractor, is hereby reversed, and the case is remanded to the trial court for further resolution on the writ of possession.

## II
### Bates' Interests

A. Bates' appeal is subject to dismissal for failure to comply with the rules of this court (Rules 27 and 14) as to filing enumerations of error and argument in support thereof.

B. However, for economy and because CCEC, by petition for writ of possession, seeks title and possession of the tractor, and the summary judgment in McKinnon's favor against Bates directly affects CCEC's claim in the proceedings below, we hold that it was error to grant summary judgment to McKinnon against Bates. The evidence before us indicates Bates entrusted the tractor to Anderson individually and not in his capacity as agent for the dealer; there is much evidence that Bates did not anticipate, know of, or acquiesce in the tractor's return to the dealer's lot. It can hardly be said as a matter of law, beyond any genuine issue of material fact (Code § 81A-156 (c)), that Bates entrusted the tractor to the dealer and that, therefore, Bates' rights and interests in the tractor were transferred to McKinnon under the provisions of Code § 109A-2—403(2) and (3).

*Judgments reversed. Deen, C. J., and Sognier, J., concur.*

ARGUED JANUARY 10, 1980 — DECIDED MARCH 5, 1980 —
REHEARING DENIED MARCH 20, 1980 —

*Gerald M. Edenfield, Susan E. Warren,* for appellant (Case No. 59066).
*T. V. Williams, Jr., Ralph C. Smith, Jr.,* for appellees.
*Ralph C. Smith, Jr.,* for appellant (Case No. 59104).

*Gerald M. Edenfield, Susan E. Warren, T. V. Williams, Jr.,* for appellees.