61918, 62064. COMMERCIAL CREDIT EQUIPMENT CORPORATION v. BATES et al. (two cases).

BIRDSONG, Judge.

The facts and contentions of the parties are set out in our first decision in the case, *Commercial Credit Equipment Corp. v. Bates,* 154 Ga. App. 71 (267 SE2d 469). There, we reversed the trial court's grant of summary judgments to the innocent second purchaser (McKinnon) of a tractor as against the first purchaser Bates, and as against Commercial Credit Equipment Corp. (CCEC) who is the secured creditor of Bates. Following remand of the case for further resolution on CCEC's petition for writ of possession for the tractor, CCEC filed a motion for summary judgment on the issue of the writ. The trial court denied it. At the same time the trial court denied CCEC's motion for summary judgment on McKinnon's counterclaims for fraud (see *Commercial Credit,* supra, p. 72). CCEC appeals. *Held:*

We reverse.

We plainly held in the first appeal that as a matter of law CCEC's security interest survived the sale of the tractor to innocent purchaser McKinnon, even assuming that the first owner Bates entrusted the tractor to the dealer. And we further held that since the CCEC security interest was created by Bates and not by McKinnon's seller (the dealer), McKinnon could not take free of the lien (Code Ann. § 109A-9—307 (1)). We therefore hold it was error for the trial court to fail to enter summary judgment to CCEC on its petition for writ of possession, to fail to grant the writ, and to fail to order delivery

of the tractor to CCEC forthwith.

Likewise the trial court erred in denying summary judgment to CCEC on McKinnon's counterclaims for fraud, collusion, and mental anguish. There is no evidence in the record to support McKinnon's allegations in the counterclaim. The appellant CCEC·showed by testimony of its employees and others, and by affidavit in support of its motion for summary judgment, that the dealer and salesman Anderson were not its agents and that it was not involved in and had no knowledge of any fraud, collusion, or even negligence concerning the sale to Bates, Bates' assumed entrustment to the dealer, or the dealer's sale of Bates' tractor to McKinnon. McKinnon did not even reply by affidavit, but rested on his nonspecific pleadings. Summary judgment should have been granted to CCEC on the counterclaims. See *Sentry Indemnity Co. v. Brady,* 153 Ga. App. 168 (264 SE2d 702); *Cox v. Frost,* 147 Ga. App. 429 (249 SE2d 695); *Motel Mgt. Systems v. Billing,* 143 Ga. App. 702 (240 SE2d 173); *Shaw v. First Nat. Bank,* 143 Ga. App. 416 (238 SE2d 719).

We have held twice that CCEC does not lose its security interest even if Bates did "entrust" (Code Ann. § 109A-2—403 (2)) the tractor to the dealer or dealer's agent. There is no question that Bates was in default of his obligation under the security agreement. It would be absurd to say that when CCEC's debtor Bates went into default (by losing control and possession of the collateral) he could not voluntarily consent to seizure of the collateral because he was not in possession of it. Assuming entrustment, what McKinnon acquired when he bought this tractor was no more than Bates' equity in the tractor: no more than "the rights of the entrustor," which as we held in our previous decision (*Commercial Credit,* supra, p. 73), "stopped where CCEC's right as secured creditor began." Even if this were not clear in the entrustment statute itself (Code Ann. § 109A-2—403 (2)) it is mandated by Code Ann. § 109A-9—306 (2): ". . . a security interest continues in collateral notwithstanding sale, exchange, or other disposition thereof unless the disposition [is] authorized by the secured party. . . ." (See *Commercial Credit,* supra, p. 74). If the law were any different, the appellee McKinnon's entire farming operation, and those of thousands of farmers in this state, would be in fatal danger, because no seller of farm equipment would finance any purchase if its security interest could not be protected. In fact, it is only by the grace of the entrustment statute (by which McKinnon acquires only Bates' rights) that McKinnon acquires any rights at all. The common law is, and must be, that the seller (the dealer in this case) can convey no greater title than he has himself: otherwise no man's property would be safe and no title would be secure. The entrustment statute provides a precisely limited exception to this

rule as to the rights of an entrustor because as between him and the innocent purchaser, it is the entrustor "whose act or omission [enables] the wrongdoer . . . to commit the fraud" (*Simson v. Moon,* 137 Ga. App. 82, 86 (222 SE2d 873)).

The only remaining controversy below is between Bates and McKinnon. We held in our previous decision that McKinnon was not entitled to summary judgment on the issue of entrustment. It is true, as we said (*Commercial Credit,* supra, pp. 72, 75), that the evidence indicates Bates gave the tractor to the salesman individually and not as agent for the dealer, that Bates did not anticipate, know of, or acquiesce in the tractor's return to the dealer. But the evidence in the case also shows that while Bates "leased" this brand new tractor for $1,000 per month to the salesman Anderson to dig ponds, Anderson never paid him; and there is no evidence that Bates sought to collect any rents, or was even disturbed about the situation or sought to get the tractor back, until CCEC proposed to audit Bates' account and the tractor turned up missing. Moreover, the evidence shows that when Bates was unable to reach Anderson, the first thing he did was to call the dealer Kenneth Faircloth, and ask him if he knew where the tractor was. Accordingly, the resolution of the issue of entrustment is a matter for the jury.

*Judgments reversed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 18, 1981 —
REHEARINGS DENIED OCTOBER 13, 1981

*Gerald M. Edenfield, Susan E. Warren,* for appellant.
*T. V. Williams, Jr., Ralph C. Smith,* for appellees.