## 66408. DIXIE PRODUCTION CREDIT ASSOCIATION v. KENT et al.

Deen, Presiding Judge.

In September 1978, Dixie Production Credit Association ("PCA") lent Kent money, taking a security interest in Kent's swine livestock and the proceeds thereof. PCA perfected the security interest by filing a standard U. C. C. financing statement. On or about January 20, 1981, Kent sold some of the pigs to the Cliftons, who operated a feed supply business. The consideration for the sale consisted of $910 payment to Kent and cancellation of a $2,090 account Kent owed the Cliftons. Kent tendered the $910 to PCA, but PCA refused the tender and demanded of the Cliftons the entire $3,000 as proceeds of the pigs.

In the previous appearance of this case, *Clifton v. Dixie Production Credit Assn.,* 162 Ga. App. 670 (292 SE2d 552) (1982), this court reversed, holding that there was a genuine issue of material fact as to whether Dixie Production Credit Association ("PCA") waived its security interest in the proceeds from the sale of the original collateral by consenting to Kent's use of those proceeds to satisfy operating debts. In *Clifton,* however, we did find that PCA had properly perfected its security interest in Kent's pigs and proceeds thereof.

When the case was subsequently tried, the trial court directed a verdict for the defendant purchaser of the pigs because of the plaintiff's failure to re-perfect its claim by filing another financing statement in the clerk's office within 10 days of the sale of the pigs. The trial judge prefaced his ruling by remarking "I'm not sure that I understand everything about it." It is clear, however, that the trial judge based his ruling on the necessity of re-perfection, and not on the effect of Kent's discharge by the bankruptcy court or the issue of

whether there were identifiable cash proceeds.

OCGA § 11-9-306 (Code Ann. § 109A-9—306) does not require such a re-perfection of a security interest by filing a second financing statement within 10 days of the sale of the collateral, where the proceeds are cash proceeds. Indeed, OCGA §§ 11-9-304 (1) (Code Ann. § 109A-9—304) and 11-9-306 (3) (Code Ann. § 109A-9—306) indicate that a security interest in money can be perfected only by taking possession. Because a security interest in money cannot be perfected by filing another financing statement, it makes no sense to require it. The trial judge erred in directing a verdict on that basis.

It appears that this case should be evaluated under OCGA § 11-9-306 (3) (b) (Code Ann. § 109A-9—306), which provides that the security interest remains perfected even after the sale of the collateral where "[a] filed financing statement covers the original collateral and the proceeds are identifiable cash proceeds . . ." Here, where only part of the purchase price of the pigs actually exchanged hands, with the purchasers crediting $2,090 of the $3,000 purchase price to settle Kent's account with them, the cash proceeds (retained by the purchasers) were sufficiently identified for the purposes of OCGA § 11-9-306 (3) (b) (Code Ann. § 109A-9—306). Had the Cliftons instead given Kent $3,000 and then Kent had immediately handed back $2,090 to cancel his debt, certainly that $2,090 would have constituted identifiable cash proceeds. We find no substantive difference between that situation and what actually transpired in this case.

Where a debtor without authority disposes of secured collateral, the creditor has the option of going after the collateral or the proceeds (unless the buyer in the ordinary course provisions of OCGA § 11-9-307 (Code Ann. § 109A-9—307) apply). Upon the finding that the sale in this case had been unauthorized, PCA should be allowed to go against the Cliftons for the $2,090 as cash proceeds of the secured collateral, although it could not recover from them the $910 it refused from Kent. The trial court misunderstood the operation of the applicable statutory provision, and its direction of a verdict for the Cliftons was error.

*Judgment reversed. Carley, J., concurs. Banke, J., concurs in the judgment only.*

DECIDED SEPTEMBER 6, 1983.

*William E. Woodrum, Jr., Julian P. Chaney,* for appellant. *R. Hubert Reeves III,* for appellees.