## 68472. MANN INVESTMENT COMPANY v. COLUMBIA NITROGEN CORPORATION.

(325 SE2d 612)

Deen, Presiding Judge.

At issue in this case is whether a certain "equipment lease" and accompanying note constitute a conditional sales contract or a "true lease." If the evidence supports the trial court's finding of a conditional sales contract rather than a true lease, then there arises the further issue of priority between the competing security interests.

One Jowers, not a party to the action below, sought to purchase irrigation equipment from Chaney-Bush, likewise not a party to the underlying action, for use on his Coffee County farm. Jowers and appellant Mann Investment Co. (Mann) entered into a contract captioned "Master Equipment Lease" which set forth conventional payment terms, including that upon default the equipment would revert to Mann. According to Jowers' testimony at trial, however, he was given to understand, before executing the "lease," that when the final payment was made he would acquire full title to the equipment for a nominal sum (one dollar was the amount he recalled as having been mentioned). Jowers executed a Georgia sales tax exemption form listing Mann as "dealer" and himself as "purchaser," and affirming that the equipment was to be used by him for agricultural purposes. Mann filed a financing statement naming Jowers as the debtor in the Coffee County Courthouse.

Jowers subsequently found himself unable to pay the balance owing on an account with a farm supply company owned by one Reynolds. He arranged with Reynolds to settle the account by accepting a small cash payment and acquiring the irrigation equipment as payment for the remaining balance. Reynolds also agreed to assume the remaining payments due Mann. It is undisputed that this transfer of the equipment was made with Mann's knowledge and consent, and that Mann filed no financing statement reflecting the transfer.

When Reynolds, in turn, fell into arrears on an account owed to appellee Columbia Nitrogen Co. (Columbia), he pledged the irrigation equipment to Columbia as security for the indebtedness, informing the latter that he still owed Mann some money on it. Columbia's agent noted from the Coffee County records that Mann had on file the original financing statement naming Jowers but none naming Reynolds; Columbia thereupon filed a financing statement, also in Coffee County, naming Reynolds.

Some time later, Columbia obtained a judgment against Reynolds on his note, and filed a writ of possession for the equipment. Mann intervened in the action, asserting that it owned the collateral and had a claim to it superior to that of Columbia. At trial the court found as fact that, *inter alia*, the "lease" between Jowers and Mann

was in fact a financing arrangement which granted Mann a security interest in the irrigation equipment; that the transfer of the equipment from Jowers to Reynolds was made with Mann's knowledge and consent; that Mann filed no financing statement naming Reynolds; that Reynolds executed and delivered to Columbia an installment note and security agreement involving the irrigation equipment and its proceeds; and that Columbia had filed a financing statement describing the irrigation equipment. The court then concluded as a matter of law that the Jowers-Mann contract was a sale, not a lease; that by participating in the Jowers-Reynolds sale and failing to refile, Mann lost its perfected security interest in the equipment; and that appellee Columbia possessed the superior security interest and was entitled to possession of the equipment. On appeal Mann assigns as error each of the trial court's conclusions of law and the findings of fact on which they are based. We shall address the enumerations in an order somewhat different from that in which appellant lists them, combining and consolidating those which appear to require being treated together. *Held*:

1. When a cause of action is tried by the court sitting without a jury, the criterion for reviewing the court's judgment is that, if there is sufficient competent evidence to support the court's findings of fact, then those findings must not be disturbed on appeal. *Lester Colodny Constr. Co. v. Allen*, 129 Ga. App. 545 (199 SE2d 917) (1973). When the issue, as here, is the determination of whether a document denominated on its face as a lease "is intended as security is to be determined by the facts of each case; however, (a) the inclusion of an option to purchase does not of itself make the lease one intended for security, and (b) an agreement that upon compliance with the terms of the lease, the lessee shall become or has the option to become the owner of the property for no additional consideration or *for a nominal consideration* does make the lease one intended for security." (Emphasis supplied.) OCGA § 11-1-201 (37). In the instant case evidence was presented at trial that Jowers, the original lessee or purchaser, understood that the terms of the contract placed him in the situation set forth in subsection (b), supra. Scrutiny of the record discloses that this evidence was never refuted, and that other evidence was adduced tending to identify the documents in question as a conditional sales contract rather than as a "true lease." See *C. & S. Equip. Leasing v. Atlanta Fed. Savings &c. Assn.*, 144 Ga. App. 800, 805-808 (243 SE2d 243) (1978); Peden, "The Treatment of Equipment Leases as Security Agreements," 13 Wm. & Mary L. Rev. 110, 136. We cannot say that the trial court committed "plain error" in finding that the "major equipment lease" was actually a financing arrangement which created a security interest in favor of Mann, and we therefore affirm its finding of fact on this issue.

2. Having found without merit those enumerations of error which challenge the propriety of the court's findings and conclusions regarding the nature of the "equipment lease," we must conclude that, by consenting to the sale of the equipment from Jowers to Reynolds and not filing a financing statement reflecting this transfer, Mann lost its perfected security interest. Because Columbia's financing statement was properly and timely filed, it therefore has the status of senior security interest in the equipment in question, and Columbia is by law entitled to possession.

Had the document in question been determined by the trial court to be a lease rather than a sales contract, the requirements for filing under the Uniform Commercial Code would not be applicable. See, e.g., *Sanders v. Commercial Credit Corp.*, 398 F2d 988 (5th Cir. 1968). Since the trial court rightly held the document to be a sales contract which would create a security interest, however, the provisions of OCGA § 11-9-306 (2) clearly govern the original transaction and its sequelae: "Except where this article otherwise provides, a security interest continues in collateral notwithstanding sale . . . thereof *unless the disposition was authorized by the secured party* . . ." (Emphasis supplied.) In the instant case it is undisputed that Mann acquiesced in the transfer of the irrigation equipment from Jowers to Reynolds and that Mann filed no financing statement thereafter. Under the cited Code section, then, Mann lost its perfected security interest, and the collateral properly belongs to Columbia.

*Judgment affirmed. Banke, P. J., Carley, Pope and Beasley, JJ., concur. McMurray, C. J., Birdsong, P. J., Sognier and Benham, JJ., dissent.*

DECIDED NOVEMBER 26, 1984 —
REHEARING DENIED DECEMBER 14, 1984 —

*Ben B. Mills, Jr.*, for appellant.
*Roy D. Tritt, Charles C. Stebbins, III*, for appellee.

McMURRAY, Chief Judge, dissenting.

Jowers, a farmer, sought to purchase certain irrigation equipment. He was advised by the seller that he could lease the equipment, that is, he "didn't have to go borrow the money." He leased it through Mann Investment Company, a partnership. He executed a master equipment lease which set forth the various terms, warranties, identification of the personal property and taxes, the return of the equipment, including other covenants as to the lessee's obligation to pay or rent for a period of seven years. All the terms of the lease were set forth therein including an amendment and a description of the

equipment leased, as well as the requirement of insurance. Jowers subsequently found himself unable to pay the monies required under the lease and in addition owed an account to a farm supply company owned by Reynolds. Whereupon, Jowers, Reynolds and Mann Investment Company entered into an agreement with reference to the master equipment lease as to a written consent to the assignment of the above lease to Reynolds, but specifically stating that the lessor did not release the lessee (Jowers) from any liability obligation under the lease whether or not then accrued.

Reynolds in turn fell into arrears on an account owed to Columbia Nitrogen Company (Columbia) and executed a security agreement with respect to the irrigation equipment to Columbia, informing Columbia that he still owed Mann Investment Company money with reference to the irrigation equipment but had an equity interest in same. J. W. Jowers also was shown as a debtor in a financing statement duly recorded showing Mann Investment Company as the secured party with reference to this irrigation equipment which was filed before the Columbia security agreement.

Columbia subsequently obtained a judgment against Reynolds and brought a writ of possession action against Reynolds to obtain possession of same and be permitted to foreclose. The partnership, Mann Investment Company, filed an intervention and claimed the equipment as the owner of same under its master equipment lease by and between Jowers and Mann Investment Company. Mann Investment Company was allowed to intervene.

The case proceeded to a trial of the issues with reference to the petition for writ of possession. In its findings of fact the court determined that while the contract between Jowers and Mann Investment Company purports to be a true lease it is in fact a financing arrangement and granted a security interest in the irrigation equipment to Mann Investment Company but title to the irrigation equipment was transferred to Jowers. Jowers then assigned his ownership of the irrigation equipment to Reynolds in exchange for forgiveness of debt and assumption of the balance of the payments to Jowers to Mann Investment Company, thereby transferring possession of the equipment to Reynolds with the knowledge and consent of Mann Investment Company. The court also found, as a part of its findings of fact, that Reynolds delivered to Columbia an installment note and security agreement in which he granted a security interest in the irrigation equipment and the proceeds therefrom and that he executed a financing statement which was duly recorded. In its conclusions of law, the court determined that the transaction between Jowers and Mann Investment Company was a sale and not a lease and Mann Investment Company retained only a security interest in the irrigation equipment. It then participated in a sale from Jowers to Reynolds and by

failing to perfect a security interest in the irrigation equipment then in the possession of Reynolds it lost the perfection of the security interest it had previously had in the irrigation equipment. Therefore, Columbia Nitrogen Company had the valid first security interest in the irrigation equipment and the trial court granted it a writ of possession. The intervenor appeals.

The majority here has considered the various parol evidence heard before the trial court and has determined that the written instrument styled a master equipment lease was not in fact a lease but was actually a conditional sales contract which created a security interest in favor of Mann Investment Company, and therefore, the findings of fact of the trial court were correct. It then determined that Mann Investment Company consented to the sale of the equipment from Jowers to Reynolds, thus finding that the instrument styled as an agreement or consent by the lessor assigning the lease to Reynolds was a consent to the sale of the equipment by Jowers to Reynolds. Subsequently in not filing a financing statement reflecting this transfer Mann Investment Company lost its perfected security interest in the irrigation equipment, hence the trial court did not err in finding that the collateral properly belongs to Columbia Nitrogen Company, in substance, finding the various enumerations of error of the intervenor to be without merit. To all of this I cannot agree.

First of all, the trial court has taken two written instruments with reference to the transaction here, the same being the master equipment lease and the assignment of the lease, both clearly showing Jowers as the lessee and Mann Investment Company as the lessor, and has rewritten them so as to determine same not a lease of equipment but as a conditional sales contract. In addition, the other instrument, which was a consent to the assignment of the lease to Reynolds, was determined to be a sale from Jowers to Reynolds in which it had participated and lost the perfection of its security interest it previously had in the irrigation equipment. The contracts here are not ambiguous, and the trial court erred in affirming the rewriting of same based on parol testimony which is in conflict with the written instruments. This cannot be done unless the terms are ambiguous. See *Stonecypher v. Ga. Power Co.*, 183 Ga. 498 (1), 501 (189 SE 13); *Smith v. Standard Oil Co.*, 227 Ga. 268, 269-271 (1) (180 SE2d 691).

Jowers testified that he leased the equipment from Mann Investment Company but that he believed that after seven years "the equipment would be mine if I made all the payments." This, of course, is not in the agreement. Under the lease at all times the equipment was that of the lessor and same was not a lease purchase agreement. In addition, Reynolds testified as to being given the possession of equipment by Jowers in which he forgave a certain indebtedness owed by Jowers to him and then after he was in default he

returned the equipment to Mann Investment Company, and that Mann Investment Company owned the equipment. See OCGA §§ 13-2-2 (formerly Code Ann. § 20-704) and 24-6-1 (formerly Code § 38-501); *Gwinnett Commercial Bank v. Kalb*, 246 Ga. 228 (271 SE2d 216); *Cobb Bank & Trust Co. v. Henry*, 246 Ga. 225 (271 SE2d 444).

The evidence simply does not support the finding of the trial court that the lease transaction between Jowers and Mann Investment Company was a sale and not a lease. Further, it was unnecessary at the time that Mann Investment Company consented to the assignment of the lease to file and perfect its security interest by filing another financing statement as to the irrigation equipment when the lease was transferred from Jowers to Reynolds. Accordingly, the trial court erred in determining that Columbia Nitrogen Corporation had a first priority security interest in the irrigation equipment superior to Mann Investment Company. Hence it erred in granting a writ of possession against the intervenor Mann Investment Company in favor of Columbia Nitrogen Corporation.

Conceding for the sake of argument, after consideration of all of the evidence, the financing statement and the parol testimony, that this was a sale of equipment to Jowers and the instrument styled a lease was a mere loan and that thereafter Jowers could sell the equipment to Reynolds (which I under no circumstances agree that the evidence proved), I cannot agree that Mann Investment Company lost its security interest in not filing a perfected security agreement with the prospective purchaser Reynolds. There simply is no waiver of the security interest on the part of Mann Investment Company which never released its claims against Jowers who merely assigned whatever interest he had to Reynolds. Compare *Dixie Production Credit Assn. v. Kent*, 167 Ga. App. 714 (307 SE2d 277). There is simply no evidence whatsoever in this record that Mann Investment Company consented to the sale from Jowers to Reynolds so as to look to Reynolds alone and to require it to file a second financing statement. OCGA § 11-9-306 (2) provides that a security interest continues in collateral notwithstanding sale "unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds." Nothing in this Code section requires Mann Investment Company to again perfect a security interest as to the irrigation equipment.

For the above reasons, I respectfully dissent. I am authorized to state that Presiding Judge Birdsong, Judge Sognier, and Judge Benham join in this dissent.