## 69385. BUCHANAN v. ADAMS.

(327 SE2d 775)

BANKE, Chief Judge.

The appellant brought this action against the appellee to recover the value of certain silverware which the appellee had purchased from the appellant's husband. The relevant facts are undisputed. The appellant's husband, whom she subsequently divorced and who is now deceased, took the silver from a chest under a bed in the couple's home without the appellant's permission and sold it to the appellee, a dealer in gold and silver, for $206. In accordance with city regulations concerning such transactions, the appellee held the silver for 10 days before melting it down and disposing of it. In her deposition, the appellant stated that the silver belonged to her alone, most of it having been acquired from her mother prior to her marriage, and that her husband had no authority to sell or dispose of it. The appellant's motion for partial summary judgment on the issue of liability was denied, while the appellee's motion for summary judgment was granted. This appeal followed. *Held*:

Absent any evidence suggesting that the property was jointly owned by the appellant and her husband or that she is in some way estopped to assert her claim to it, the appellant must prevail on the facts presented. "The rule pertinent here is that '[a] sale of stolen goods, though to a bona fide purchaser for value, does not divest the title of the person from whom they were stolen, and conveys no sort of title to the purchaser. [Cit.]' *General Fire & Cas. Co. v. Kuffrey*, 115 Ga. App. 121 (1) (153 SE2d 590) (1967)." *First Nat. Bank of Cobb County v. Nat. Dealer Svcs.*, 155 Ga. App. 384 (4) (270 SE2d 911) (1980). The evidence shows without dispute that the appellant owned the silver and had given her husband no authority to sell it, and there is no indication that she did anything to suggest to the ap-

pellee that such authority existed. Accord *Arnold v. Conner*, 100 Ga. App. 503 (111 SE2d 638) (1959). "[T]he seller . . . can convey no greater title than he has himself; otherwise no man's property would be safe and no title would be secure." *Commercial Credit &c. Corp. v. Bates*, 159 Ga. App. 910, 911 (285 SE2d 560) (1981). It follows that the trial court erred both in granting summary judgment to the appellee, and in denying summary judgment to the appellant on the issue of liability.

*Judgment reversed. Pope and Benham, JJ., concur.*

DECIDED FEBRUARY 28, 1985.

*Randall P. Harrison*, for appellant.
*William J. Self II*, for appellee.