## A90A2064. WALTON v. HOWARD.
(403 SE2d 90)

POPE, Judge.

Plaintiff Ronnie Howard entered into a contract entitled "Lease/Purchase Agreement" with defendant Danny Walton regarding a John Deere tractor. According to the terms of the agreement Walton agreed to "sell" the equipment to Howard for Howard's promise to pay off the amount in arrears Walton owed to John Deere Finance Plans, Inc., and to take over future monthly installment payments owed on the equipment until the financing agreement between Walton and John Deere was paid off. The agreement granted Howard the right to a bill of sale for the equipment upon payment of $1 and other consideration once the lien in favor of John Deere was paid off. In the interim, the monthly payments were considered "lease payments" as between Walton and Howard. The agreement imposed upon Howard the duty to pay taxes and insurance on the equipment. The evidence also shows Howard paid Walton $4,000 for Walton's equity in the

equipment.

Howard made six monthly payments of over $1,000 to John Deere before falling into arrears. When Howard was three months behind in payments Walton repossessed the equipment and retained it in his possession without notice of intent either to retain the collateral in satisfaction of the debt or to dispose of it to satisfy the debt. Howard brought suit against Walton for breach of contract or, in the alternative, for judgment ordering Walton to return the equipment. After a hearing the trial judge found the written agreement to be a security agreement subject to Georgia's Commercial Code and granted plaintiff the right to redeem the collateral upon payment of the remaining debt plus $400 for interest on the sum paid by Walton to John Deere to extinguish the lien. Walton appeals.

1. We find no error in the trial court's finding that the agreement was a secured transaction. The agreement granted Howard the right to purchase the equipment for a nominal sum after the final monthly installment payment was made to John Deere. Pursuant to the definition of "security interest" in Georgia's Commercial Code, "an agreement that upon compliance with the terms of the lease, the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security." OCGA § 11-1-201 (37). Additional factors which tend to establish that a transaction is a conditional sale instead of a true lease include an initial down payment and the requirement that the lessee be responsible for payment of taxes and insurance. *Ford Motor Credit Co. v. Dowdy*, 159 Ga. App. 666 (284 SE2d 679) (1981), overruled on other grounds, *Adams v. D&D Leasing Co.*, 191 Ga. App. 121 (1) (381 SE2d 94) (1989). In this case, the evidence shows Howard, referred to in the agreement as "Lessee/Buyer," made a down payment of $4,000 to compensate Walton, the "Lessor/Seller," for his equity interest in the equipment. The agreement also required Howard to pay taxes and insurance. Because ample evidence was presented to support the finding that the agreement created a security interest we affirm the findings of fact on this issue. See *Mann Investment Co. v. Columbia Nitrogen Corp.*, 173 Ga. App. 77 (1) (325 SE2d 612) (1984).

2. Having determined that the agreement created a security interest, then the trial court did not err in finding the agreement was subject to Article 9 of the Commercial Code, including OCGA § 11-9-506. Pursuant to said statute, the court did not err in awarding Howard the right to redeem the equipment upon payment of the amount due under the agreement ($6,954) plus $400 for interest (or loss of use of funds) to Walton for paying off the lien on the equipment.

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 1, 1991.

*Johnny B. Mostiler*, for appellant.
*Hemmann & Hemmann, Paul E. Hemmann, Alfred D. Fears*, for appellee.