## A03A0911. INTERMET CORPORATION v. FINANCIAL FEDERAL CREDIT, INC.
### (588 SE2d 810)

PHIPPS, Judge.

Intermet Corporation appeals the trial court's order granting summary judgment and a writ of possession in favor of Financial Federal Credit, Inc. in this secured transactions case pitting a bona fide purchaser (Intermet) of a machine against the holder of a security interest (FFCI). For reasons that follow, we affirm.

FFCI loaned money to Pittard Leasing Company to purchase a machine, and in return, Pittard Leasing gave FFCI a security interest in the machine. Pittard Leasing purchased the machine from a related corporate entity, Pittard Machine Company, which was the exclusive regional distributor for the machine. After initially leasing the machine from Pittard Leasing, Intermet purchased it from Pittard Machine for $265,000. It appears that Pittard Leasing never sold the machine back to Pittard Machine before Pittard Machine sold it to Intermet. FFCI's loan to Pittard Leasing was not satisfied from the proceeds of the machine's sale to Intermet, and Pittard Leasing and Pittard Machine filed bankruptcy shortly after the sale. FFCI contends that both it and Intermet are victims of fraud.

FFCI filed a complaint against Intermet seeking a writ of possession for the machine. Both parties filed motions for summary judgment; the trial court granted FFCI's motion and request for a writ of possession and denied Intermet's motion. Intermet appeals, asserting that under three different Code sections,[1] it purchased the

---

[1] Because the transactions at issue took place before Article 9 of Title 11 was amended, we will cite the former Code sections of that article in this opinion.

machine free of any security interest in favor of FFCI. Intermet also contends, in the alternative, that there are issues of material fact as to the applicability of these Code sections.

1. In general, a security interest in collateral will continue after the collateral is sold to a third party, unless the person holding the security interest authorized the disposition free of the security interest.[2] In this case, it is undisputed that FFCI holds a security interest in the collateral (the machine) and that it did not authorize the sale free of its interest.

Intermet argues that its purchase falls within an exception to the general rule that a security interest continues after the sale of the collateral. OCGA § 11-9-307 (1) provides that "[a] buyer in ordinary course of business . . . takes free of a security interest *created by [the buyer's] seller* even though the security interest is perfected and even though the buyer knows of its existence."[3] Intermet urges that we adopt a "close identity" analysis when determining whether the security interest was created by the buyer's seller.[4] According to Intermet, a buyer takes free of the security interest if the security interest was created by a party closely related to the seller. In this case, the security interest was created by Pittard Leasing, and Intermet purchased the machine from Pittard Machine. Jack Pittard is the sole shareholder and president of both companies.

We cannot accept Intermet's proposed analysis because we recently rejected a similar argument in *Superior Bank v. Human Svcs. Employees Credit Union.*[5] In *Superior Bank*, the Willborns purchased an automobile and gave a security interest in it to a credit union. A third party, Billingsley, later purchased the car from a corporate dealership owned by the Willborns and financed the purchase through Superior Bank. We held that the security interest was not created by Billingsley's seller, the dealership, even though the security interest was created by the individuals who owned the dealership.[6] If that close relationship was insufficient to satisfy the "created by [the buyer's] seller" requirement of OCGA § 11-9-307 (1), the common ownership of Pittard Leasing and Pittard Machine in this case is also insufficient.

---

[2] OCGA § 11-9-306, recodified as OCGA § 11-9-315 (a) (1), effective July 1, 2001. See also *Mann Investment Co. v. Columbia Nitrogen Corp.*, 173 Ga. App. 77, 79 (2) (325 SE2d 612) (1984).

[3] (Emphasis supplied.) OCGA § 11-9-307 (1), recodified as OCGA § 11-9-320 (a), effective July 1, 2001.

[4] See, e.g., *United States v. Continental Grain Co.*, 691 FSupp. 1193, 1199-1200 (W.D. Wis. 1988).

[5] 252 Ga. App. 489, 492-493 (1) (556 SE2d 155) (2001).

[6] Id. at 492.

2. Intermet also asserts that it took title free of FFCI's security interest pursuant to OCGA § 11-2-403 (1), which provides:

> A purchaser of goods acquires all title which his transferor had or had power to transfer except that a purchaser of a limited interest acquires rights only to the extent of the interest purchased. *A person with voidable title has power to transfer a good title to a good faith purchaser for value.*[7]

We find no merit in this contention. Even if good title did transfer to Intermet under this Code section, it does not follow that the title that transferred was free of FFCI's security interest.[8] Thus, Intermet acquired "all title which [its] transferor had";[9] specifically, one subject to FFCI's security interest.

3. Intermet contends that OCGA § 11-2-403 (2) applies to its purchase of the machine from Pittard Machine, but fails to argue how this Code section, if applicable, would alter FFCI's security interest. This Code provision provides that "[a]ny entrusting of possession of goods to a merchant who deals in goods of that kind gives him power to transfer all rights of the entruster to a buyer in ordinary course of business."[10] In *Commercial Credit Equip. Corp. v. Bates*,[11] we held that this Code provision will not give a buyer title free of a preexisting security interest. Thus, this Code section does not alter the result reached by the trial court.

Having considered Intermet's arguments on appeal, we affirm the trial court's grant of summary judgment and a writ of possession to FFCI. We also affirm the trial court's denial of summary judgment to Intermet as there are no genuine issues of material fact.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED OCTOBER 15, 2003 — ▮▮▮▮▮▮▮▮

*Page, Scrantom, Sprouse, Tucker & Ford, Robert C. Brand, Jr., Marcus B. Calhoun, Jr.,* for appellant.

*Morris, Manning & Martin, David W. Cranshaw,* for appellee.

---

[7] (Emphasis supplied.) OCGA § 11-2-403 (1).
[8] See OCGA § 11-9-306, supra.
[9] OCGA § 11-2-403 (1).
[10] OCGA § 11-2-403 (2).
[11] 154 Ga. App. 71, 73 (I) (A) (267 SE2d 469) (1980).